STATE of Missouri, Respondent,

v.

Melvin MELLER, Appellant.

No. 50706.

Supreme Court of Missouri,

Division No. 2.

Feb. 8, 1965.

Motion to Transfer to Court En Banc Denied March 8, 1965.

**516**

Thomas F. Eagleton, Atty. Gen., Jefferson City, Frank P. Motherway, Sp. Asst. Atty. Gen., St. Louis, for respondent.

No attorney for appellant.

PRITCHARD, Commissioner.

■ Defendant was on February 26, 1964 found guilty of the crime of dynamiting a building with felonious intent to defraud an insurance company. § 560.400. (All statutory references are to RSMo 1959, V.A.M.S.) It was stipulated at the trial (and outside the hearing of the jury) that defendant had previous convictions within the purview of the Habitual Criminal Act, § 556.280, which the court specifically so found, and defendant was tried accordingly. After the jury made its finding of guilt, the court deferred the assessment of punishment until March 9, 1964, at which time such assessment was made at 18 years

in the Department of Corrections. Defendant's motion for new trial was filed, heard and overruled on March 16, 1964, and defendant was then sentenced in accordance with the previous assessment of punishment, credit being given for time previously spent in jail. Defendant had counsel at the trial throughout which he was present. Being found indigent, counsel was appointed for defendant on this appeal, but no brief has been filed. In such case we consider the matters properly raised in defendant's motion for new trial and portions of the transcript of the record set forth in Supreme Court Rules 28.02 and 28.08, V.A.M.R.; State v. Jackson, Mo., 369 S.W.2d 199, 200 [1].

■ By assignments of error Nos. 1, 2 and 5, defendant states "The Court erred in overruling defendant's Motion to Enter Judgment of acquittal at the close of the State's evidence"; "The verdict of the jury was against the evidence"; and "The credible evidence was not sufficient to support the verdict." These allegations of error are lacking in particularity and detail as to the grounds or causes therefor. Supreme Court Rule 27.20(a), V.A.M.R. Read together, however, they are sufficient to raise the issue of the submissibility of the state's case. See State v. Tharp, 334 Mo. 46, 64 S.W.2d 249, 253 [1–3], where an assignment of error that "the verdict is against the evidence and unsupported by substantial evidence" preserved the question as to whether there was any substantial evidence to support the verdict. See also State v. Henderson, 356 Mo. 1072, 204 S.W.2d 774, 777 [5], and State v. Mallory, Mo., 336 S.W.2d 383, 384 [1–3]. The jury could reasonably have found these facts: One Margaret Smart was the owner of an apartment building at 600 East High Street, Jefferson City, Missouri. She had procured thereon a policy of fire insurance (and explosion insurance under an extended coverage endorsement) in the face amount of $40,000 with the New Hampshire Insurance Company. The policy was in force at the time of the explosion (August 15, 1963, a Thursday) which is the

subject of the crime charged against defendant. According to statements made by defendant to and in the presence of witnesses Travis, Maddox, Miles and Dickson, Margaret contacted defendant and propositioned him to dynamite her building and defendant was to receive $1,000 therefor from the insurance proceeds.

James Ralph Travis testified that he resided in the basement apartment of Margaret's building. Three or four days prior to August 15, 1963, he had a conversation with defendant who told him he was going to blow up the building for $1,000 of the insurance money, and that Travis was to be in on the deal without Margaret knowing it and later Travis could collect $1,000 blackmail from her. Defendant also told Travis that he knew the building was insured for $40,000. Defendant had some dynamite, caps and wire, all of which were taken by both of them to the building. Three to five sticks of dynamite in a charge were taped together (one charge with five and one-half sticks) and were distributed around in the building. Witnesses Maddox and Dickson testified that they found six charges of dynamite placed in different rooms and the basement wall of the building, and there were connecting wires leading therefrom to a clock radio (used as a timing device) in a bedroom. The clock radio was purchased by Travis with defendant's money. Just prior to the explosion, Travis, being then alone, plugged the clock radio, which was set to make contact with the dynamite wires just eight minutes later, into an electrical outlet. He thereupon walked from the room, and as he reached the door to the outside, a single explosion occurred in the front room off of Marshall Street, and Travis was blown from the building to the sidewalk outside. The fire department was called and extinguished an ensuing blaze. E. W. Hollandsworth came to the building and cut the remaining wires leading to the dynamite charges. Defendant and Travis, after placing the dynamite in the building, had left over nineteen sticks of dynamite which they took to or near de-

fendant's farm and buried in a small dry branch bed. These nineteen sticks of dynamite were found and taken by Deputy Sheriff Fred F. Miles and thereafter kept at his farm. The morning after the explosion, at about 6:30 o'clock, defendant told Travis that the dynamiting didn't go off right, that they "just messed everything up —should go out of town." At about 11:30 a. m. of that day, they both went to Kansas City, Missouri, in defendant's car, and registered at the Montgall Hotel under assumed names. They stayed in Kansas City until the Saturday following August 15, 1963, then they split up, and Travis returned to Jefferson City. Later, Deputy Sheriff Miles went to the state of California to pick up defendant and returned him to Jefferson City.

█ § 560.400, as pertinent, provides that "Every person who shall willfully and maliciously injure or destroy or attempt to injure or destroy any building * * * by the use of bombs, dynamite, nitroglycerine or other kind of explosives; * * * shall be deemed guilty of a felony and upon conviction therefor shall be punished by imprisonment in the penitentiary for a term of not less than two nor more than twenty-five years; * * *." The evidence which we have set forth above shows beyond a reasonable doubt that defendant committed the crime of felonious dynamiting of a building as charged and as encompassed within the statute, § 560.400. The state made a submissible case and assignments 1, 2 and 5 are overruled.

█ Assignments 3 and 4 are, "The verdict of the jury was against the law"; and "The verdict of the jury was against the law as applied to the evidence." These are insufficient because they are lacking in detail and particularity, and the same are overruled. Supreme Court Rule 27.20(a) and State v. Anderson, Mo., 375 S.W.2d 116, 119 [5].

█ By assignment No. 6 defendant contends that the court erred in permitting the

state to cross-examine witness Fred Distler, who testified as to defendant's character over the past six years, concerning the effect upon defendant's reputation of previous convictions and recent charges of crimes for which defendant had not been tried. In State v. Livers, Mo., 340 S.W.2d 21, 26 [6], it is said, "A witness to a defendant's reputation for good character may be cross-examined as to the fact of prior arrests or accusations of misconduct for the purpose of testing the trustworthiness, knowledge and good faith of the witness." We perceive no error in the procedure used by the state here, and assignment No. 6 is overruled.

▆▆ The information charges that defendant with others, including the owner of the building in question, acted in concert and "did willfully, maliciously and feloniously injure the said building by the use of dynamite, with the felonious intent to injure or defraud the New Hampshire Insurance Company, the insurer of said building, against the peace and dignity of the State." Those words are substantially those of the statute, § 560.400, and are sufficient. The verdict is responsive and the judgment is in proper form. At one time during assessment of punishment defendant was asked by the court if he had anything to say about the matter of punishment. He was present and was fully heard on motion for new trial which is sufficient in lieu of allocution at the time of sentencing. Supreme Court Rules 27.09 and 27.10, V.A.M.R.; State v. McWilliams, Mo., 370 S.W.2d 336, 338 [3]. The sentence imposed was within the permissible limits of § 560.400.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.