**Melvin MELLER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 53464.**

Supreme Court of Missouri,
Division No. 2.

Dec. 31, 1968.

Kelly Pool, Hendren & Andrae, Jefferson City, for appellant.

Norman H. Anderson, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT A. MEYERS, Special Judge.

Melvin Meller was found guilty by a jury of the crime of dynamiting a building with felonious intent to defraud an insurance company. He was tried under § 556.-280, RSMo 1959, V.A.M.S., the Second Offender statute, was sentenced to eighteen (18) years in the Department of Corrections by the Trial Court, and on an appeal the judgment was affirmed. State v. Meller, Mo., 387 S.W.2d 515. The details of the evidence are recited in that Opinion.

The Motion from which this appeal was taken was filed under Supreme Court Rule 27.26 V.A.M.R. Under subsection (j) of that rule, the review of this Court is "limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." The appellant's contention that since the motion was filed and the evidence heard prior to September 1, 1967, the effective date of the present rule, this Court must hear the matter de novo, must be ruled against him. Crosswhite v. State, Mo., 426 S.W.2d 67, State v. Mountjoy, Mo., 420 S.W.2d 316.

Able counsel was appointed by the trial court to represent appellant on his motion and on this appeal. A full evidentiary hearing was held by the trial judge with appellant and his counsel present. Complete findings of fact and conclusions of law were entered by the trial court in support of the judgment denying the motion.

The appellant contends that his court-appointed attorney was ineffective and he was thus denied a fair trial and due process of law.

In his original motion appellant states only that his attorney failed to present in-

formation and testimony of certain witnesses that would have clearly established innocence of Movant.

After the hearing and before judgment was entered the appellant filed an amended motion with the following statement respecting the attorney:

"Movant's attorney at trial was incompetent and ineffective in that he failed to present testimony of certain witnesses that would have established the innocence of movant, failed to investigate and interview witnesses requested by movant, and failed to consult with movant sufficiently to fully comprehend the nature of movant's defense."

The appellant himself testified at the hearing as did the witnesses whose testimony would have allegedly controverted the testimony of the state's principal witness, the accomplice. The attorney also testified. The trial judge concluded: "There was substantial evidence presented at this evidentiary hearing that movant's counsel did consult with him prior to trial, did interview and procure as many defense witnesses as in his opinion would aid defendant." We note that nine witnesses were called by the defense at the trial. Appellant also complains that the attorney failed to call a witness who would have established an alibi for him. The attorney testified he had interviewed this witness and she refused to testify in behalf of appellant. This witness was subpoenaed by appellant to the evidentiary hearing but did not appear to testify.

On this appeal the appellant alleges additional criticism of his attorney, stating that he failed to object to certain evidence, failed to file a proper motion for new trial, thus depriving appellant of a "meaningful appeal," and failed to cross-examine properly. These matters were covered in the evidentiary hearing and the trial judge reviewed the entire original transcript in the case. He stated in his findings: "A review of the trial transcript indicates that the defense was conducted in substantially the same manner as cases of this nature are ordinarily defended. With respect to movant's contention that counsel did not elicit testimony to discredit state's witness Travis, the trial transcript revealed that counsel conducted a vigorous examination of Travis and brought out his criminal record in detail * * *. There is nothing found in the transcript of the trial or the evidence presented by movant on this motion to indicate that the manner of conducting the defense caused the trial to become a mockery or farce. Quite the contrary is shown."

The appellant here complains that his attorney failed to object to the police officer's testimony that the appellant, at the time of arrest, told the arresting officer that he was "in the middle of it." The appellant refers to this evidence as an "obscure admission." Appellant contends that this was extremely damaging because the state's case consisted only of the testimony of the accomplice, together with this "obscure admission." Appellant overlooks the evidence of his flight from the city on the day of the crime, his stay for several days at a hotel in another city under an assumed name and his return by authorities from another state several weeks later. State v. Cochran, Mo., 366 S.W.2d 360. Whether this statement was an admission against interest as opposed to a statement of an existing fact could be debated. Certainly the attorney was justified in concluding it would be understood by the jury as the latter and could not be criticized for his choice of trial tactics. State v. Maxwell, Mo., 430 S.W.2d 152.

The appellant claims he was deprived of a "meaningful appeal" because the attorney filed a motion for new trial which did not properly preserve points for appellate review. The appellant did not direct the trial judge to any matters in the record which, if properly preserved, would have made his appeal "meaningful." We have reviewed the original trial transcript and have found no such points. We conclude that the trial judge's findings that counsel was compe-

tent and effective included the three matters above discussed. The findings, conclusions and judgment of the trial judge are supported by the record and the evidence and are not clearly erroneous.

The appellant next complains that he was denied a fair trial and due process of law because of the remarks and prejudices of the trial judge. He cites a number of Missouri cases which state essentially that this Court said in State v. Jones, Mo., 197 S.W. 156, 1. c. 158: "The law so jealously guards the rights of a defendant, on trial for his liberty, that a trial judge should avoid any indication of feeling against the prisoner; an indication of his belief in defendant's guilt might determine the verdict."

At the evidentiary hearing the appellant, in support of this contention, pointed out a certain page in the transcript where the judge, at a hearing on a motion to appeal as a poor person, stated with respect to appellant: "I think he is a great liar." In his brief filed in this Court he directs us to two additional statements made at after-trial proceedings: "Second time you have been framed in this court, isn't it?" and, "What did you do with the money you got for the cattle?", referring to appellant's conviction for cattle rustling. State v. Meller, Mo., 382 S.W.2d 671.

Appellant also points out three statements made by the trial judge during the trial. Immediately preceding two of these statements the appellant had interrupted testimony of witness with outbursts. The trial judge stated: "Another outburst like that and I will see you are dealt with properly," and, to his attorney: "Can't you control him?" The third concerned the judge's inquiry of the appellant's accomplice when he was being cross-examined about a "deal" with the prosecutor, "You don't have any deal with me on this one, do you?"

While all of these statements were not pointed out to the trial judge at the evidentiary hearing, he stated in his findings with respect to this point: "A careful review of the entire transcript does not reveal any actions or rulings of the court during the trial which would in any way indicate prejudice against the defendant."

We observe that the two statements concerning the misconduct of the appellant during the trial were necessary to preserve order. The question asked the accomplice was necessary to preserve the integrity of the court. None of the statements could give the jury any indication that the trial judge was of the opinion that defendant was guilty, or could indicate prejudice of the trial judge. State v. Turner, Mo., 320 S.W.2d 579.

■■ The statements made in the after-trial proceeding could not possibly have deprived the appellant of a fair trial. One of the statements was made at the time of sentencing. A trial judge may properly express his appraisal of the conduct of the defendant at such time. Jordan v. United States, 10 cir., 370 F.2d 126, 127. The other two statements were made at a hearing on appellant's motion to appeal as a poor person. There was a question whether the appellant was in fact a "poor person." The two statements indicated doubt in the judge's mind on the question, but the judge did rule in appellant's favor and did permit the appeal as a poor person.

■ The appellant also contends in this Court that his sentence of eighteen (18) years indicates prejudice of the trial judge. The sentence was within the limits prescribed by law. Section 560.400, V.A.M.S. We also point out that at the time of the sentencing, the appellant had been sentenced to eight (8) years on his other case. This fact was within the knowledge of the trial judge and the previous sentence was not mentioned in the judgment. Under these circumstances the two sentences run concurrently. In effect, the appellant was sentenced to an additional ten (10) years. Williford v. Steward, 355 Mo. 715, 198 S.W.2d 12.

The findings, conclusions and judgment of the trial court denying appellant's contention that he was deprived of a fair trial because of the remarks and prejudice of the trial judge were supported by the record and were not clearly erroneous.

The judgment denying appellant's motion is affirmed.

FINCH, P. J., and EAGER, J., concur.

DONNELLY, J., not sitting.