**STATE of Missouri, Respondent,**

**v.**

**James Raymond MABERY, Appellant.**

**No. 53835.**

Supreme Court of Missouri,

Division No. 1.

Feb. 10, 1969.

Norman H. Anderson, Atty. Gen., Jefferson City, Austin B. Speers, Sp. Asst. Atty. Gen., Kansas City, for respondent.

J. Arnot Hill, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

WELBORN, Commissioner.

Appeal from judgment of conviction and 10-year sentence on jury verdict finding appellant guilty of robbery in the first degree with a deadly weapon.

James F. Reno closed the Isis Recreation and Pool Hall at 3133 Troost Avenue in Kansas City on July 27, 1967, at about 1:30 A.M. He and his assistant, Maletta, went down the stairs to the street level where they were accosted by four youths whom Reno had seen earlier in the evening in the pool hall. Two of the boys had guns and Reno and Maletta were told to "get back up the steps. This is a holdup." They did as they were ordered. Reno recognized James Raymond Mabery, who had been in the pool hall on one other occasion, as one person with a gun and the one who ordered him to open the cash register or be shot. The money in the cash register and a cash drawer and money in Reno's pocket, some $450 in all, was taken. Reno and Maletta were ordered into the restroom and the intruders departed. Mabery was arrested by an officer of the Kansas City Police Department on August 4, and identified by Reno as one of the robbers.

At the trial, Reno and Maletta identified Mabery as one of the persons with a gun who participated in the robbery.

Mabery, 17 years of age, testified in his defense and denied participation in the crime. He stated that he had been in the Isis Recreation and Pool Hall about ten times. He accounted for his whereabouts at the time of the crime by testifying that, during the preceding day, he had played basketball with a group of friends until about dusk, and then he, Perry Gordon and Virgil Smith went to Perry's house, at about eight o'clock. There they played cards, listened to records and ate. Mabery stated that he fell asleep and remained at Gordon's all night. He stated that he did go to the pool hall the next day.

The defense called Gordon, age 16, as a witness. Gordon was asked whether he recalled Mabery's staying all night at his house. The witness stated that he did and that Mabery stayed on a Sunday night (July 27, the date of the robbery, fell on Thursday.). Mabery's counsel inquired whether Mabery ever stayed at the witness' house at any other time and the witness replied in the negative. At that time, the appellant's counsel claimed surprise, stating that the witness had previously

told him that Mabery had stayed at his house on a Thursday night. Counsel asked for permission to lead the witness. Counsel for the state inquired whether defense counsel had a written statement from the witness. Upon receiving a negative reply, counsel for the state objected to the request to ask leading questions. The court sustained the objection and the witness was excused.

Another alibi witness, Virgil Smith, testified that he spent the night at Gordon's with Mabery. He also placed the occasion as a Sunday night, but he acknowledged that he was uncertain as to the day, and did fix the time as the night the pool hall was robbed.

Mabery was represented at the trial by a member of the staff of the Legal Aid and Defender's Society of Kansas City. Trial counsel filed a motion for new trial, alleging that the verdict was against the weight of the credible evidence, and asserting four grounds of error based upon alleged violation of appellant's rights at the police lineup. The motion for new trial was overruled and this appeal followed.

On this appeal, the single ground of error alleged is the trial court's refusal to permit defense counsel to ask the witness Gordon leading questions. Counsel on appeal acknowledges that the matter was not presented in the motion for new trial, but requests review under the plain error rule, Supreme Court Rule 27.20(c), V.A.M.R. Appellant urges that the question was presented during the trial and that failure to include the point in the motion for new trial "would not be placing the court in a position of disadvantage."

Our appellate criminal procedure entails, as a basis for appellate consideration of trial errors, objection at the trial at the time of the occurrence complained of, and the presentation of such objection to the trial court for its further consideration in a motion for new trial. Supreme Court Rule 27.20(a), V.A.M.R. There are exceptions to this general requirement relative to questions involving certain aspects of what was formerly known as the "record proper." Supreme Court Rule 28.02, V.A.M.R. Supreme Court Rule 27.20(c) also permits the trial court and appellate court to forego the ordinary requirements in the case of plain error affecting substantial rights, resulting in manifest injustice or miscarriage of justice. This exception is not intended to provide "a means of review of all alleged trial error which is not asserted and preserved pursuant to applicable rules." State v. Jackson, Mo.Sup., 411 S.W.2d 129, 131. It is limited to the exceptional situation. See, for example, State v. Beasley, Mo.Sup., 404 S.W.2d 689, 690; State v. Haygood, Mo.Sup., 411 S.W. 2d 230. No attempt to delineate the precise bounds of the exception provided by Rule 27.20(c) is in order. Here, the exception is sought to be invoked to permit the review of what is concededly a ruling on a matter entrusted to the sound discretion of the trial judge. See State v. Rack, Mo.Sup., 318 S.W.2d 211; State v. Kinne, Mo.Sup., 372 S.W.2d 62. Other than his stated conclusion that the interrogation of Gordon "destroyed" his client's defense, appellant has made no effort to demonstrate that the discretionary ruling of the trial judge produced a manifest injustice or miscarriage of justice. There being no showing of cause for application of the plain error rule, we hold that the point of error now relied upon has not been properly preserved for review.

The judgment is affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.