Melvin MELLER, Petitioner,

v.

Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.

Civ. A. No. 1406.

United States District Court,
W. D. Missouri,
Central Division.

July 17, 1969.

**1262**

Melvin Meller, pro se.
No appearance by respondent.

## ORDER DENYING PETITION FOR HABEAS CORPUS

WILLIAM H. BECKER, Chief Judge.

Petitioner, a state convict confined in the Missouri State Penitentiary, petitions for a writ of federal habeas corpus invalidating his state conviction for dynamiting a building with felonious intent to defraud an insurance company, and for leave to proceed in forma pauperis. Leave to proceed in forma pauperis was granted by the show cause order entered herein on April 22, 1969.

Petitioner states that after a plea of not guilty to the charged offense, he was found guilty by a jury in the Circuit Court of Cole County; that he was sentenced on March 9, 1964, to a term of 18 years' imprisonment; that he appealed from the judgment of conviction and imposition of sentence; that the Missouri Supreme Court affirmed the judgment and sentence on appeal (State v. Meller, 387 S.W.2d 515); that a motion for rehearing by the Supreme Court en banc was denied; that petitioner filed a motion to vacate sentence under Missouri Criminal Rule 27.26, V.A.M.R., in the trial court, which was denied; that the denial of the 27.26 motion was affirmed by the Missouri Supreme Court on appeal (Meller v. State, 435 S.W.2d 637) on December 31, 1968; and that he was represented by counsel at his arraignment and plea, at his trial, at his sentencing, on his appeal and on the preparation, presentation and consideration of his postconviction motion.

Petitioner states the following as grounds for his contention that he is presently unlawfully in custody:

"(a) Petitioner's constitutional right of 'due process of law' was violated, contrary to the federal constitutional [standards], in the state court trial and hearing under Supreme Court Rule 27.26. (sic)

"(b) Petitioner's constitutional right of the 'effective assistance of counsel' was violated during his trial where his present was obtained. (sic)

"(c) Petitioner was denied the constitutional of a fair impartial trial, because of a prejudice court." (sic)

Petitioner states as facts supporting the grounds for invalidating his conviction that (1) his motion to vacate was filed and heard prior to September 1, 1967, the effective date of the newer version of Missouri's Criminal Rule 27.26, and therefore the denial thereof should have been reviewed *de novo* by the Missouri Supreme Court; (2) his counsel was ineffective because counsel considered petitioner's case "an imposition on him and his time," because counsel failed to object to the offer in evidence of an ambiguous "admission against interest" by petitioner, failed to cross-examine the sole witness against petitioner in order to develop the allegedly patent inconsistencies in his testimony, failed to file a motion for new trial which adequately preserved grounds for appeal and failed to present certain testimony, to investigate and fully to consult with the petitioner; and (3) the trial judge's remarks made during the trial admonishing petitioner for outbursts, his questioning of the witness Travis, his remark that petitioner's accomplice plead guilty, his appraisal of petitioner at sentencing and on the post-trial motion to appeal in forma pauperis and the sentence of 18 years' imprisonment indicate that the court was prejudiced against petitioner.

The report of petitioner's appeal from the denial of his motion to vacate under Missouri Criminal Rule 27.26, Meller v. State (Mo.Sup.) 435 S.W.2d 637, indicates that precisely these grounds were raised before the trial court and the state Supreme Court on that motion and have been ruled on. This indicates that petitioner has exhausted his currently available state remedies. The evidence to be offered on this petition is the same as submitted in the 27.26 rule proceedings to the trial court and the Supreme Court, and, while the evidentiary hearing in this case was held prior to the effective date of the newer, more liberal Missouri Criminal Rule 27.26 (September 1, 1967), the record thereof shows that petitioner was accorded all the rights at the hearing as he would have obtained under the newer rule. Further, the decision of the Missouri Supreme Court on the law and the facts reliably found by the trial court (which applied current federal standards in so doing) was made after the effective date of the trilogy of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; and Sanders v. United

States, 373 U.S. 1, 83 S.Ct. 1068, 10 L. Ed.2d 148, wherein current federal standards were enunciated, and this decision also postdated the decisions of State v. Pickel, Mo., 376 S.W.2d 181, and State v. Herron, Mo., 376 S.W.2d 192, wherein the Missouri Supreme Court recognized the applicability of the current federal standards so enunciated. State remedies are thus exhausted because there has been a decision by the Missouri Supreme Court on the issues here at bar under the principles of the trilogy which is therefore not reviewable by a trial court.

■ Since otherwise petitioner states facts which, if proved, would establish violations of his federal statutory and constitutional rights to entitle him to a writ of habeas corpus, this Court issued its show cause order on April 22, 1969, to which respondent duly and timely responded, attaching the transcripts of the original trial and the plenary evidentiary hearing on the 27.26 motion; and the petitioner has traversed the response. The transcripts and records, and the official report of the Missouri Supreme Court's affirmance of the denial of petitioner's 27.26 motion, reveal that a plenary evidentiary hearing was held in the state trial court on that motion; that the state trial court applied current federal constitutional standards during that hearing, and that the findings of said trial court were reliably and specifically made. Where such conditions exist, the federal district court may defer to the state court's findings of fact. Townsend v. Sain, *supra*; Noble v. Swenson (W.D.Mo.) 285 F.Supp. 385; Goodwin v. Swenson (W. D.Mo.) 287 F.Supp. 166; see also United States ex rel. McGrath v. LaVallee (C.A. 2) 319 F.2d 308, and cases therein cited.

■ Petitioner's first contention is that, since the hearing on his 27.26 motion took place prior to the effective date of the newer, revised version of that rule (September 1, 1967), he was entitled to a *de novo* review by the Missouri Supreme Court; that the latter court declined to accord petitioner such a review in accordance with current federal standards. For the reasons stated in the preceding paragraph and those stated *supra* in the treatment of the subject of exhaustion of state remedies, the contention is without merit. While the plenary evidentiary hearing was held prior to the effective date of the newer version of the rule, it is apparent from the transcript and records thereof and from the report of the appeal therefrom, that petitioner was accorded all the rights therein that he would have been accorded under the later amended version of the rule. Furthermore, it would be sufficient for the purposes of the present review if current federal standards were applied in a hearing where lawful and fair procedures were observed and the facts were specifically and reliably found, as was done in the case at bar.

Second, petitioner contends that his counsel was ineffective because counsel considered petitioner's case "an imposition on him and his time," because counsel failed to object to the offer in evidence of an obscure "admission against interest" by petitioner, failed to cross-examine the witness Travis in order to develop the allegedly patent inconsistencies in his testimony, failed to file a motion for new trial which adequately preserved grounds for appeal, and failed to present certain testimony, to investigate, and fully to consult with petitioner. Evidence was taken upon all these factual issues by the state trial court and petitioner therein was given ample opportunity to present evidence on these issues. The transcript of the trial shows, and the trial court specifically found, that "movant's counsel did consult with him prior to trial, did interview and procure as many defense witnesses as in his opinion would aid defendant." Furthermore, the petitioner's contention that said counsel failed to secure the testimony of a potential alibi witness is refuted by uncontroverted evidence that counsel interviewed and sought to have such witness testify, but

that the witness refused to do so. Although subpoenaed by petitioner to testify in the 27.26 evidentiary hearing, she failed to appear. Further, the trial court reliably found upon a review of the transcript of the trial that "counsel [for petitioner] conducted a vigorous examination of Travis and brought out his criminal record in detail." Further, the transcript reveals that the counsel for petitioner skillfully brought out certain inconsistencies between dates and events first related and subsequently related by witness Travis. By cross-examination counsel for petitioner adduced evidence that petitioner was not present at the dynamited building on the evening of the explosion.

Petitioner's contention that counsel should have objected to the reception in evidence of petitioner's statement to the arresting officer that he was "in the middle of it" is without merit, does not show the ineffectiveness of counsel and involves no violation of a federally protected right. Petitioner has failed to show that admission of his statement over objection would be erroneous. The damage, if any, done to petitioner's case by the reception in evidence of this "admission against interest" was minimal in view of other evidence which established that petitioner fled from the city where the building was dynamited immediately thereafter and stayed at a hotel in Kansas City under an assumed name. Furthermore, the quality of the statement as an admission, as petitioner argues, is doubtful, and thus counsel may have abstained from objecting because he did not feel that the remark would have been understood by the jury as an admission against interest.

■ Petitioner's trial was begun on February 26, 1964. Therefore, the *Escobedo* and *Miranda* rules are not applicable. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. Cf. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284.

Furthermore, the record reveals that nine witnesses were called by the defense and that the testimony they rendered revealed that the counsel for petitioner had diligently investigated the facts and effectively presented the evidence available to the defense. The trial court was thus justified in finding that "[a] review of the trial transcript indicates that the defense was conducted in substantially the same manner as cases of this nature are ordinarily defended."

■ Petitioner also asserts that counsel filed a motion for new trial which did not properly preserve points for appellate review. The record reveals that the following assignments of error were made by the motion for new trial: "The Court erred in overruling defendant's Motion to Enter Judgment of acquittal at the close of the State's evidence"; "The verdict of the jury was against the evidence"; and "The credible evidence was not sufficient to support the verdict." While the Missouri Supreme Court noted that the assignments were lacking in particularity and detail "as to the grounds or causes therefor", it held that they were sufficient to preserve the question whether there was any substantial evidence to support the verdict and consequently ruled that question against the defendant (petitioner). See State v. Meller, Mo., 387 S.W.2d 515. Assignments 3 and 4, however, that "the verdict of the jury was against the law" and "the verdict of the jury was against the law as applied to the evidence" were overruled by the Missouri Supreme Court for lack of detail and particularity. The question of the cross-examination of petitioner's character witness in regard to previous convictions was also preserved for appeal successfully, though ruled on appeal against petitioner. While the motion for new trial, therefore, may not have been as specific as desired by petitioner and was even defective insofar as raising any question of misapplication of law, petitioner mentions no points here, except those here raised, which he feels should have been raised on appeal. A review of the record indicates that there were none, that petitioner received a fair trial and that there

was substantial evidence supporting the verdict against him, and both the state trial court, on the 27.26 motion and the Missouri Supreme Court in affirming the trial court's denial of that motion, so held. It is therefore found that petitioner's contentions of the ineffective assistance of counsel are unfounded, and that petitioner has not shown any violation of a federally protected right by reason of ineffective assistance of counsel.

 Petitioner's third major contention is that he was denied a fair trial and due process of law because the trial judge was prejudiced, as indicated by his remarks. The record shows that the judge made three remarks pertaining to the petitioner during the course of the trial. Prior to two of the remarks, petitioner had interrupted the testimony of witnesses with remarks of his own, whereupon the court in one instance stated "Another outburst like that and I will see that you are dealt with properly" and in the other inquired of petitioner's counsel, "Can't you control him?" The third complained-of statement of the judge came when petitioner was being cross-examined about a "deal" with the prosecutor. Thereupon, the trial judge asked petitioner, "You don't have any deal with me on this one, do you?" None of these remarks was unjustified or indicated any prejudice of the trial judge, as both state courts held. A trial judge has the right and duty to speak and act to maintain order in the courtroom.

 Three more complained-of remarks were made at a hearing on a motion of petitioner to appeal as a poor person. Then, the judge opined, "I think he is a great liar"; and, with reference to a previous conviction for cattle rustling, "Second time you have been framed in this court, isn't it?" and "What did you do with the money you got for the cattle." Such remarks, coming in the after-trial proceedings, are immaterial to prove the lack of due process in that an unfair trial was received by petitioner. No violation of a federally protected right is therefore raised in this regard. Neither do petitioner's contentions that the sentence indicated prejudice of the judge raise the issue of the violation of a federally protected right when the sentence given did not exceed the lawful maximum, and eight years of the sentence ran concurrently with a previous sentence.

 After the filing of all the other pleadings in this case, petitioner submitted a document in which he complained that, despite his diligent efforts (including requests to the Magistrate and Circuit Courts), he had been unable to secure a transcript of his preliminary hearing wherein, he states, the witness Travis made statements which were inconsistent with those made by him at the trial. Such evidence, however, would neither be relevant nor material to the contentions with regard to which petitioner has exhausted his currently available, adequate state remedy. Furthermore, the evidence presented in federal district court on a given contention must be the same as that presented on the same contentions in the state court in order for state remedies to be deemed exhausted within the meaning of the controlling statute, Section 2254, Title 28, U.S.C. Petitioner's contention that the witness Travis' testimony at trial was inconsistent with his statements at the preliminary hearing should be presented to the state courts in a 27.26 motion before it is raised before the federal district court. Fay v. Noia, *supra*; Baines v. Swenson (C.A. 8) 384 F.2d 621; Collins v. Swenson (C.A. 8) 384 F.2d 623; Hooper v. Nash (C.A. 8) 323 F.2d 995, cert. den. 376 U.S. 945, 84 S. Ct. 802, 11 L.Ed.2d 768; White v. Swenson (W.D.Mo. Court en banc) 261 F. Supp. 42; Russell v. Swenson (W.D.Mo.) 251 F.Supp. 196.

For the foregoing reasons, it is

Ordered and adjudged that the petition herein for habeas corpus be, and the same is hereby, denied.