**STATE of Missouri, Respondent,**

v.

**Melvin MELLER, Appellant.**

**No. 50706.**

Supreme Court of Missouri,
Division No. 2.

Sept. 13, 1971.

Motion for Rehearing or to Transfer to Court En Banc Denied Oct. 11, 1971.

John C. Danforth, Atty. Gen., John B. Mitchell, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

Cullen Coil, Jefferson City, for appellant.

MORGAN, Presiding Judge.

Defendant was tried to a jury for the crime of dynamiting a building with the felonious intent to defraud an insurance company. Section 560.400, RSMo 1969, V.A.M.S. After a finding of guilty, the court, under the provisions of the Habitual Criminal Act, Section 556.280, assessed punishment at eighteen years confinement.

Being found indigent, counsel was appointed for defendant to perfect his appeal. However, no brief was filed and this court, after considering "the matters properly raised in defendant's motion for new trial and portions of the transcript of the record set forth in Supreme Court Rules 28.02 and 28.08, V.A.M.R.," affirmed the judgment in State v. Meller, Mo., 387 S.W.2d 515, on February 8, 1965. On December 14, 1970, this court, on motion of defendant, set aside the affirmance because defendant was not represented by counsel on appeal. Bosler v. Swenson, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33. Present counsel was then appointed by the trial court, and a brief has been filed on defendant's behalf.

We need not set forth all of the facts detailed in the previous opinion, 387 S.W.2d 515, but the record reflects that the jury reasonably could have found: (1) that the owner of the building had procured from the New Hampshire Insurance Company a policy in the amount of $40,000 which, among other provisions, provided coverage for damage by explosion; (2) that she contacted defendant and offered

him $1,000 to dynamite the building; (3) that defendant sought the assistance of another and suggested that the latter could collect $1,000 later by blackmailing the owner; (4) that defendant and his promoted cohort placed· the explosives in the building and wired them to go off soon after a clock-radio was plugged in to an electrical outlet, and (5) that defendant was not present when his companion did plug in the radio and the resulting explosion and building damage occurred.

■ In the present appeal, it is submitted that the trial court erred in giving instructions numbered 5 and 6. In addition, it is agreed that such points were not raised in the motion for new trial and were not preserved for review. However, we are requested to consider the same under the "plain error" rule. Supreme Court Rule 27.20(c), V.A.M.S.

Instruction No. 5 called for a finding of guilt if the jury found, among other requirements, that defendant " * * * knew that said building was insured by the New Hampshire Insurance Company against loss or damage by explosion * * *," and that defendant, with the others, acted " * * * with the ₁ felonious intent to injure or defraud the New Hampshire Insurance Company * * *." Argument is made that the instruction permitted the jury to find defendant intended to injure a "specific entity" and that such facts, as hypothesized, were unsupported by the evidence; for the reason, there was no showing: (1) that defendant knew there was a New Hampshire Insurance Company, (2) that he knew it was the insurer, or (3) that the policy covered loss by explosion. Reliance is placed on such cases as State v. Bartlett, 359 Mo. 881, 224 S.W.2d 100, 103, which repeat the basic principle that: "Instructions must be based upon the evidence." In answer thereto, the state contends: "It is not an essential element of the offense of dynamiting a build-

ing with intent to defraud the insurer under Section 560.400, RSMo 1969, to show that an accused intended to defraud a *specific* insurer, by name." (Emphasis added.) It is submitted that the evidence was sufficient to establish defendant's knowledge there was insurance covering loss by explosion, and that including the specific name of the insurer was mere surplusage and in no way could have been prejudicial to defendant. Reliance is placed on such cases as State v. Jones, Mo., 365 S.W.2d 508, 515[10], and State v. Hickman, Mo., 411 S.W.2d 195, 197[4], as well as that portion of Section 545.170 which provides: "* * * it shall not be necessary to prove an intent on the part of the defendant to injure, cheat or defraud any *particular* person * * *." (Emphasis added.)

Instruction No. 6 was an aiding and abetting instruction—covering the theory upon which defendant was tried. It, in part, permitted a finding of guilt if defendant "* * * knowingly and intentionally, in some way, or by some means, aided, abetted, counseled or encouraged * * *" ₋the others to commit the crime. Defendant submits that the vice of the portion quoted is an "otherwise" instruction disapproved in State v. Regazzi, Mo., 379 S.W.2d 575. The state seeks to distinguish the Regazzi case and contends it is not necessary to limit the jury to "a finding of specific facts" to constitute aiding and abetting. This argument is based on State v. Present, Mo., 344 S.W.2d 9, wherein it was held, loc. cit. 13[6]: "The words 'in any way' really added little if anything to the rest of the submission. If the jury had simply been told that defendant was guilty if he 'helped, aided and assisted' in the theft, the natural supposition would be that he was guilty if he did so in any way. In State v. Butler, Mo., 310 S.W.2d 952, 957, the court said: 'Under the accessory statute it is necessary only that he in some manner have aided or abetted those committing the criminal act.' "

The scope of our review of a record as presented in the instant case was most recently reviewed in State v. Ellifrits, Mo., 459 S.W.2d 293, 297[4], wherein it was said: "Precedents are of little value in determining when relief should be granted under the plain error rule. And that is particularly true where, as here, no constitutional question is involved. In that connection we have said that 'Supreme Court Rule 27.20(c) also permits the trial court and appellate court to forego the ordinary requirements in the case of plain error affecting substantial rights, resulting in manifest injustice or miscarriage of justice. This exception is not intended to provide "a means of review of all alleged trial error which is not asserted and preserved pursuant to applicable rules." State v. Jackson, Mo.Sup., 411 S.W.2d 129, 131. It is limited to the exceptional situation. * * * No attempt to delineate the precise bounds of the exception provided by Rule 27.20(c) is in order.' State v. Mabery, Mo.Sup., 437 S.W.2d 91, 93. And, in State v. Auger, Mo.Sup., 434 S.W.2d 1, 4, this court stated that 'we will not consider any matter of instructions as "plain error" unless the Court has so misdirected or failed to instruct the jury on the law of the case as to cause manifest injustice.' The rule to be followed is summarized in State v. Patterson, Mo.Sup., 443 S.W.2d 104, to the effect that we will review all the facts and circumstances in each case and determine on a case-to-case basis whether manifest injustice has resulted from the alleged error."

After a complete review of the record in this case, we have concluded from all the facts and circumstances that no manifest injustice or miscarriage of justice has occurred.

The judgment is affirmed.

All of the Judges concur.