**STATE of Missouri, Plaintiff-Respondent,**

v.

**La Vaughn FARMER,
Defendant-Appellant.**

**No. 35909.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 24, 1976.

Motion for Rehearing or Transfer
Denied April 13, 1976.

Application to Transfer Denied
June 14, 1976.

William J. Shaw, Public Defender, Joseph R. Aubuchon, Richard H. Sindel, Asst. Pub-

lic Defenders, Clayton, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Lucia K. Leggette, Asst. Attys. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Frank J. Kaveney, Asst. Pros. Atty., Clayton, for plaintiff-respondent.

WEIER, Presiding Judge.

Appellant was convicted of robbery in the first degree and sentenced under the Second Offender Act, § 556.280, RSMo 1969, to 25 years in the custody of the Department of Corrections. His request for reversal is based upon contentions that an instruction for robbery by fear was not supported by the evidence, and that defendant was prejudiced by remarks and conduct of the trial judge and by improper closing argument of the prosecutor. We affirm the conviction.

On May 14, 1973, a group of fifteen to twenty black men armed with hammers and rocks entered Wehmueller's Jewelers at Northland Shopping Center, smashed display cases, and removed items of jewelry. Miss Mary Louise Kalt, a clerk on duty, immediately fled to a room in the rear of the store and remained there until the commotion ended. Officer Joseph Mokwa, a St. Louis Police Department detective, who was a customer in the store at the time of the incident, drew his revolver and ordered the men to halt. Appellant was one of three men apprehended in the store at that time by Officer Mokwa.

■ Appellant contends that there was insufficient evidence of fear for a jury instruction on robbery by fear, § 560.120, RSMo 1969. A submissible case of robbery by fear requires a showing of fear or intimidation which precedes or is contemporaneous with the actual taking of the property. State v. Vandament, 299 S.W.2d 532, 535[3] (Mo.1957). It is the duty of the court to instruct the jury on all questions of law arising in the case which the evidence will support. Rule 26.02(6); State v. Anderson, 515 S.W.2d 534, 537[2] (Mo.1974).

■ In her testimony concerning the time the display cases were being smashed and the rings removed, Miss Kalt stated: "I was in fear of my life * * * I ran to the back of the store." And again later: "I was afraid that they might [hurt me]." This alone is sufficient evidence of fear for an inclusion of the given instruction. In State v. Reynolds, 521 S.W.2d 486, 487[2] (Mo.App.1975), concerning the same incident, this court stated: " * * * a jury could reasonably find that the action of 15 to 20 persons converging upon a jewelry store flourishing chains, stones, sledgehammers and tire tools and smashing showcases was calculated to and did engender fear of immediate injury to the person in charge." We agree.

■ Appellant also contends that he was deprived of a fair trial because of certain actions of the trial court from which the jury could infer prejudice. Appellant first argues that he was prejudiced because during the voir dire the judge qualified a statement made by defense counsel concerning the pretrial release of prisoners. The mandate to courts to maintain a neutral position in the trial, State v. Hill, 518 S.W.2d 682, 685[6–9] (Mo.App.1975), was not violated in this case. The judge's comment was a proper attempt to correct a misstatement of law. The comment was not prejudicial, and, even assuming it should not have been made, it was directed to counsel, and it alone cannot be said to have deprived appellant of a fair trial. State v. Phelps, 478 S.W.2d 304, 310[16–18] (Mo.1972).

Appellant further objects to the trial court's questioning of the state's witness called to establish the value of the stolen jewelry. After defense counsel made several objections to the introduction of state's Exhibit 10 (a folder containing inventory records of the jewelry store) on the ground of insufficient foundation, the trial court questioned the witness to establish the admissibility of the documents as business records. Appellant claims that such questioning lent undue weight to the witness's testimony and by implication rebuked defense counsel for his previous objections.

It is the judge's duty to put such questions to the witnesses as seem to him desirable to elicit the truth more fully. *State v. James,* 321 S.W.2d 698, 704[2] (Mo. 1959). The judge's discretionary power to interrogate witnesses is not unlimited and should be exercised with greater caution in criminal than in civil cases. He should avoid protracted examination that might impair the atmosphere of neutrality. *State v. Crockett,* 419 S.W.2d 22, 27[10] (Mo.1967). We cannot conclude from the record that the trial court abused its discretion or made improper use of its power to interrogate witnesses. Defendant's point is without merit.

Finally, appellant contends that the closing argument of the prosecution was improper in that it tended to arouse the passions and personal hostility of the jury toward appellant. The comment that appellant asserts was improper is:

"Ask yourselves whether you want this to go on in the community in stores, in shops. Do you want groups of 15 people to be able to storm in there? And these are weapons. I wanted them passed around to you so you could feel the weight of that rock and see that hammer and what it could do to a person. Do you want these things flying around in stores where people, wives, and where you go? No. And a robbery verdict in this case is the proper one because it recognizes that element of fear and terror. I submit the word must go out to other people that you will commit this defendant—"

It is well established in Missouri that "questions of the propriety of oral argument are addressed to the discretion of the court; and a reversal on such ground occurs only upon abuse of such discretion." *State v. Jewell,* 473 S.W.2d 734, 741[8] (Mo. 1971). The prosecution is generally permitted considerable latitude in arguing the necessity of law enforcement and the responsibility of the jury. *State v. Gay,* 523 S.W.2d 138, 144[15] (Mo.App.1975); *State v. King,* 334 S.W.2d 34, 40[8–10] (Mo.1960). Only an inflammatory appeal to bias or hostility against defendant which impaired his fundamental right to a fair trial would constitute reversible error. *Cloud v. State,* 507 S.W.2d 667, 669[5] (Mo.App.1974).

It must be remembered, however, that the bounds of proper closing argument are exceeded when the prosecution in oral argument attempts to "personalize" the jury and to suggest an acquittal would endanger the jurors and their families. *State v. Raspberry,* 452 S.W.2d 169, 172[2–5] (Mo.1970). A review of the argument quoted above indicates that the prosecutor briefly transgressed and commenced to "personalize" the jury. As a basis for our consideration of trial errors, however, in addition to the presentation of such objection to the trial court for its consideration in a motion for new trial, objection must be made at the trial at the time of the occurrence complained of. *State v. Mabery,* 437 S.W.2d 91, 93[1] (Mo.1969). An objection to arguments or statements of counsel must be specific and the objection must call the attention of the court to the ground or reason for the objection. *State v. Lang,* 515 S.W.2d 507, 511[6] (Mo.1974). Here, the prosecutor's remarks which "personalized" the jury were combined with other argument of a permissible nature concerning law enforcement and the necessity of enforcing the laws in the community. The objection following this portion of the argument was: "Same objection. This is not argument directed toward the guilt or innocence of the defendant." The last previous objection to which this could be related for specification of error was: "I object, your Honor. This is argument which is not directed toward the guilt or innocence of the defendant. This is an improper comment." In that particular instance the objection followed argument by the prosecutor urging the responsibility of the jury to the community to enforce the law. Defense counsel therefore did not complain of the argument because it suggested personal danger to the jury or their families if defendant was acquitted. Rather the basis of objection was that the argument was not

directed toward the guilt or innocence of the defendant. The assertion of the proper reason in the motion for new trial and in the brief on appeal does not cure the omission in the trial of the case at the time of the objection. Since the trial judge did not have the opportunity to correct the error at the time of trial under the objection made, we cannot determine that the court committed reversible error. Because control of argument is primarily the function of the trial court, an appellate court is not prone to examine complaints regarding a matter not properly brought to the trial court's attention. *State v. Jackson,* 511 S.W.2d 771, 775[8] (Mo.1974).

The judgment is affirmed.

DOWD and RENDLEN, JJ., concur.