In re the MARRIAGE OF Barbara M. PIERCY and Ralph M. Piercy.

Barbara M. PIERCY, Petitioner–Respondent,

v.

Ralph M. PIERCY, Respondent–Appellant.

No. 15804.

Missouri Court of Appeals, Southern District, Division Two.

July 26, 1989.

Robert P. Baker, Sarcoxie, for respondent-appellant.

David Robards, Joplin, for petitioner-respondent.

MAUS, Judge.

In this dissolution action the circuit court dissolved the marriage, denied the wife the limited maintenance she requested, divided the marital property and set apart the nonmarital property. By his one point on appeal, the husband contends the circuit court erred by becoming an advocate for the wife by repeated questions and comments and by failing to maintain an impartial attitude. He asserts he was denied a fair trial. The husband-appellant seeks reversal and a new trial.

The husband's point requires only a bare outline of the facts. The parties were married on July 29, 1984. The age of the parties does not appear in the record. It was a second marriage for each. The wife was employed at the time of their marriage. The husband was a disabled military man engaged in farming. He owned 145 acres, farm machinery and livestock. The wife quit her job. During the marriage she labored in the farming operations with her husband. During that time, the parties acquired an additional farm and a smaller tract of 17.9 acres and certain personal property.

The dissolution action was tried on May 11, 1988. Each party testified. The wife called her daughter by a previous marriage as a brief rebuttal witness. The transcript consists of 162 pages. The basis of the husband's stated point is that the circuit court impermissibly questioned witnesses or interfered in the formulation of questions posed by counsel.

He relies upon three cases, which do not aid his position. In *Roe v. Ross*, 701 S.W.2d 799, 804 (Mo.App.1985), "the trial judge here demonstrated his own lack of impartiality by indicating that he had already decided one of the ultimate issues of

the case before the mother had an opportunity to present any of her evidence." In *Bova v. Bova*, 135 S.W.2d 384, 385 (Mo. App.1940), after counsel asked a few initial questions, the circuit court took over the examination. No objection was voiced by the husband and "after a prolonged examination, more in the nature of a lecture than an endeavor to elicit information, dismissed him from the stand." The judgment was affirmed. These cases are not factually applicable. *Cundiff v. Cline*, 752 S.W.2d 409 (Mo.App.1988), does observe that questions by the court left the impression it was an advocate and cautioned against such a practice. However, the questions by the court do not appear.

■ The duty of a judge to maintain impartiality is unquestioned.

"[W]hether the case is to be tried to the court or to the jury a judge presiding at a trial should at all times maintain an impartial attitude and a status of neutrality. He should exercise the highest degree of patience and forbearance consistent with decorum and an orderly trial." *Crimi v. Crimi*, 479 S.W.2d 195, 197 (Mo. App.1972). However, the duty does not bar a court from propounding questions to witnesses within the limits of propriety. Such limits, as well as factors establishing prejudice demanding reversal, may vary between a criminal and a civil trial, *State v. Farmer*, 536 S.W.2d 748 (Mo.App.1976), and between a jury and a non-jury trial. *State v. Tash*, 528 S.W.2d 775 (Mo.App. 1975). Expressions of the delineation of such limits also vary with the underlying facts. There is a plethora of cases in which the applicable principles have been expressed. Those interested may consult 42 Mo.Dig.2d, Witnesses, Key No. 246, and 39 Mo.Dig.2d, Trial, Key No. 29. Also see Annot., Judge's Examination—Witnesses— Civil Case, 6 A.L.R.4th 951 (1981).

■ The resolution of this appeal is guided by applicable basic principles which have received the following expressions.

"It is the judge's duty to put such questions to the witnesses as seem to him desirable to elicit the truth more fully. *State v. James*, 321 S.W.2d 698, 704[2]

(Mo.1959). The judge's discretionary power to interrogate witnesses is not unlimited and should be exercised with greater caution in criminal than in civil cases." *State v. Farmer*, supra, 536 S.W.2d at 751.

"The record reveals that the line of questions propounded by the trial court were inquisitorial in nature, directed to the plaintiff, and sought to clarify the issues of the contract terms and payment. The trial judge is privileged to ask such questions, and here the judicial inquiry was within proper bounds." (citations omitted.) *Inloes v. Inloes*, 567 S.W.2d 732, 735 (Mo.App.1978).

"A trial judge has not only the discretion but it is his duty in conducting a fair and orderly trial, to assist in a proper way a witness who has become confused." *Schonlau v. Terminal R. Ass'n of St. Louis*, 357 Mo. 1108, 1116, 212 S.W.2d 420, 424 (1948).

Nonetheless, "it is a trial court's duty to maintain an impartial attitude and a status of neutrality, and keep its questions and comments to a minimum." *Cundiff v. Cline*, supra, 752 S.W.2d at 412.

"The trial judge should 'listen, hear and from the evidence determine the issues raised by the pleadings....' *Chalfin v. Chalfin*, 121 Cal.App.2d 229, 263 P.2d 16, 19 (1953). To fulfill this duty, the judge, by his manner and conduct, should not prevent a full presentation of relevant evidence. The court should not adopt or exhibit a hostile attitude toward a party, his counsel, or a witness." *Matter of Crist*, 732 S.W.2d 587, 589–590 (Mo.App. 1987).

Also see *Rutlader v. Rutlader*, 411 S.W.2d 826 (Mo.App.1967).

To support his point, the husband cites the fact that after counsel's examination, the circuit court questioned the wife for six and one half pages and the husband for fourteen pages. That fact, as well as other instances cited by the husband, must be considered in the context of the circumstances. Those circumstances include many factors such as the nature of the action, the issues raised by the parties and

the adequacy of the examination by counsel. In this action the parties completed and filed required DR Form 1—"Summary of Marital and Non–Marital Property and Liabilities". The first column of that form called for assets to be listed. The six adjoining columns had the following headings: "Present Value—W", "Present Value —H", "Debt—W", "Debt—H", "Proposed Disposition—W" and "Proposed Disposition—H". The completed form consisted of five pages listing numerous items with corollary entries. In some instances the entries are cryptic. The completed form was placed in evidence. The document was referred to by the parties and their counsel. The circuit court was required to deal with the issues raised by that form. The extensive examinations by the circuit court were obviously for the purpose of clarifying those issues and were proper.

> "The appellant complains of the trial court's questioning of respondent regarding his wishes as to the distribution of the property. Given the somewhat confusing and involved history of each parcel the questions asked by the trial judge were not at all inappropriate. A trial judge has an inherent right to question a witness as to matters which are material to the issues involved." *True v. True,* 762 S.W.2d 489, 493 (Mo.App.1988).

■ A principal complaint of the husband is a statement of the circuit court he contends resulted in the wife increasing her claim in the equity in the farm on Route 5. By the wife's figures that equity was $22,200; by the husband's figures $23,000. The disposition proposed by the wife was "(10,000) equity wife". The disposition proposed by the husband was "husband".

In presenting this complaint the husband states:

> "Petitioner's attorney had just stated, and Barbara, when permitted to answer, confirmed, that she both desired and agreed that she would receive from Ralph the sum of $10,000 as her share of the parties' equity in the firs-listed [sic] tract of marital realty, when the trial judge informed her attorney that 'I think

that's probably a misstatement of the reading of the document. The equity must be just a portion, because her value minus the debt is more than ten thousand.' "

The transcript reveals that the wife's counsel premised his initial question concerning that real estate upon the following statement: "Under real estate, you indicate there is $10,000 equity in the property at Route 5, Box 360 and you wish that to be set aside to you and Ralph has indicated that he wishes it to be set aside to him; why do you feel that that should be set aside to you?" The comment of the circuit court quoted above then followed. The following questions and answers ensued:

> "Q. Barbara, it does show an equity of twenty-three thousand, what are you asking the Court to set aside to you on that?
>
> A. The way I understood this when I signed it, was Ralph was willing to give me ten thousand of our twenty-three thousand equity and I'm willing to take the ten thousand of our twenty-three thousand equity.
>
> Q. So what you are saying is that Ralph should get the property, but you want at least a half or somewhere—*$10,000 worth of equity,* is that right? (Emphasis added.)
>
> A. That's correct."

By the comment the circuit court did not adopt the position of an advocate for the wife. Its purpose was to insure an answer that would not conflict with DR Form 1 and provide an answer meaningful to the court. That action was proper. It did not result in prejudice to the husband.

■ The husband also vigorously argues the circuit court exceeded the limits of neutrality by a comment it made during the husband's interrogation by his counsel concerning the status of a bull. The husband testified a bull was purchased and sold during the marriage. He then said he traded a bull born to one of his cows to a neighbor for a bull. The following ensued:

> "Q. You claim this to be non-marital, do you not, but the Court will· decide whether it is, but you owned this the

producers of your present herd before then?

A. Yes.

\* \* \* \* \* \*

THE COURT: He owned it before what.

MR. BAKER: Owned it before the marriage, producers of his present herd.

THE COURT: No, that's not correct, if I believe that he traded this bull to a neighbor for another bull, then what you are saying isn't true."

It is upon the latter statement the husband bases his argument. The wife had testified concerning the purchase of a bull and the production of offspring by that bull. The circuit court obviously perceived the husband was confused by the series of questions. This confusion became apparent when following the comment by the court the husband stated:

"A. I took the question to be that the animals that produced this bull was in my possession before we were married, that is the way I understood the question."

The comment was for the permissible purpose of clarifying confused testimony. See *Schonlau v. Terminal R. Ass'n of St. Louis, supra.*

An additional complaint centers around the listing on DR Form 1 of the 17.9 acres acquired during the marriage. The husband valued the property at $12,500 and proposed it be distributed to him. The wife did not value the property but proposed that it be distributed to her. In respect to this property, her counsel asked, "Q. And you placed valuation of 12,500 on that." Husband's counsel posed an objection the exhibit would speak for itself. Before that objection was ruled on, the wife's counsel announced he would go to another subject. The court then stated the wife had a right to place a value on the property and directed her to do so. The wife valued the property, which ultimately was distributed to her, at $15,000. The court's direction was not that of an advocate. It resulted in an answer beneficial to the husband.

The husband cites other instances of a similar nature. It is not necessary to consider each separately. The record demonstrates the husband's point has no merit. At no time during the hearing did he voice an objection to a comment or a question by the court. See *McClelland v. Williamson*, 627 S.W.2d 94 (Mo.App.1982). He makes no complaint the distribution of marital property of a net value of $43,875.21 to the wife and $43,946.75 to him was not a just division required by statute. The questions of the circuit court were not designed to aid either party. They did not inject into the case an issue not otherwise presented. They were for the purpose of enabling the court to determine the assets of the parties and their value and make a proper distribution thereof. The husband's point is denied. The wife's motion for attorney fees filed in this court is denied. *Myers v. Myers*, 586 S.W.2d 797 (Mo.App.1979).

The judgment is affirmed.

PREWITT, P.J., and HOGAN, J., concur.