Mary L. INLOES, Plaintiff-Respondent,

v.

Billie B. INLOES, Defendant-Appellant.

No. KCD 29426.

Missouri Court of Appeals, Kansas City District.

June 12, 1978.

1. § 3–403(2)(a) of the Uniform Commercial Code.

A. Mitchell Feingold, Mounts & Reza, Kansas City, for defendant-appellant.

W. Edward Coen, Jr., Meise, Cope & Coen, Kansas City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

Defendant appeals from a judgment by the trial court in favor of plaintiff for $7,600 and interest at the statutory rate in the amount of $1,444. Plaintiff dismissed other counts and went to trial on a count alleging breach of a property settlement agreement. Defendant's answer was a general denial. The parties had waived a jury, and the case was set on a docket of jury-waived cases for trial on February 7.

On February 4, 1977, three days prior to the date set for trial, counsel for both parties filed a joint motion for continuance stating that neither attorney had made arrangements to have his respective client available for trial. This motion was denied, the trial court relying upon a local rule requiring such motions be filed five days before trial. The local rule is not in evidence. The case proceeded to trial on February 7, with the defendant failing to appear, although defendant's counsel was aware the motion had been denied. Evidence was presented, and the trial court entered judgment for plaintiff.

Defendant filed timely motions for new trial and to set aside the judgment. Both motions were denied.

This appeal asserts two points of error: first, that the trial court abused its discretion in failing to grant the joint motion for continuance; and, second, that the trial court erred in its judgment because the evidence was insufficient, and that the trial court abused its discretion in examining plaintiff and in failing to set aside the verdict because of the absence of the defendant at trial.

Although not married, plaintiff and defendant lived together as husband and wife from 1958 until 1969. In 1960, defendant obtained certain real property located in Kansas City, Missouri. Title to this property was in defendant's name. In 1969, the parties were legally married and lived on this property from the time of purchase until 1973 when plaintiff sought a divorce. The divorce action was filed and concluded by judgment prior to the effective date of the present Dissolution Act.

In connection with the contemplated divorce, plaintiff and defendant entered into an oral property settlement agreement which divided their property and settled matters of child custody and child support. Included in the agreement was defendant's promise to pay plaintiff $8,000 to release her interest in the real property. Plaintiff testified that she made no claim for alimony from defendant, relying upon the agreement that she would receive $8,000.

The terms of this agreement were set down in writing by defendant's then attorney and represented the only agreement between plaintiff and defendant concerning the disposition of their property. Before the divorce was granted, a meeting was arranged at the defendant's attorney's office in which the parties were to sign the agreement. Plaintiff, accompanied by her attorney, went to the office, read, and signed the agreement. Defendant failed to appear at the meeting, but defendant's then attorney informed plaintiff that defendant would sign the agreement at a later time. Defendant never did sign the agreement.

Plaintiff requested several times that defendant pay her and each time the defendant replied that he would pay, but failed to do so. While defendant failed to pay plaintiff the full amount agreed upon, he did pay an account of plaintiff's in the amount of $400.

Approximately a year and a half after the divorce, defendant notified plaintiff for the first time that he had not signed the settlement agreement and that he did not intend to pay. Upon this refusal, plaintiff brought suit.

█ The first claim is predicated upon the assertion that the unavoidable absence of defendant at the trial constituted grounds for the continuance and failure of the trial court to grant the continuance was an abuse of discretion which prejudiced defendant. The grant or denial of a continuance rests within the sound discretion of the trial court and every intendment is in favor of the court's ruling. *Blessing v. Blessing,* 539 S.W.2d 699 (Mo.App.1976). Whether in

a given case there is sufficient reason to grant a continuance is to be determined by the trial court. A trial court has the right to control its docket, and the unavoidable absence of a party or his attorney due to an engagement elsewhere, illness, or weather conditions does not compel a continuance. *Erhart v. Todd*, 325 S.W.2d 750 (Mo.1959); *Blessing, supra; Savings Finance Corporation v. Blair*, 280 S.W.2d 675 (Mo.App.1955). Under the circumstances of this case, the trial court did not abuse its discretion in denying the continuance three days before the date set for trial.

Defendant's second point that the trial court erred in denying his motions for a new trial and to set aside the judgment raises question concerning the sufficiency of the evidence, the trial court's direct examination of plaintiff, and abuse of discretion in failing to grant a new trial.

Defendant complains that the evidence presented was insufficient to establish a valid *written* agreement between the parties. Here, defendant's argument is two-fold. First, defendant suggests that the process of formulating the contract did not go beyond the negotiation stage and therefore a final contract was never formed. Second, defendant seems to argue that even if there was a final agreement, the Statute of Frauds acts as a bar to its enforcement.

■ Appellate review of a court-tried case is governed by the dictates of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Where sufficiency of the evidence is challenged, an appellate court must sustain the trial court's decree or judgment if there is substantial evidence to support it. *Murphy v. Carron, supra*; Rule 73.01. Applying this rule to the facts of this case, there was substantial evidence adduced to show that the parties did come to a final agreement regarding the terms of the property settlement. A formal contract was drawn by defendant's own counsel, and the behavior of the parties over an extended period of time recognized the existence of the agreement. Restatement of Contracts § 26 (1932) and Restatement (Second) of Contracts § 26 (Tent. Draft 1973).

■ Defendant's contention that the agreement is void as violative of the Statute of Frauds comes too late. Defendant did not set up the defense of the Statute of Frauds in his answer, but rather pleaded a general denial. The Statute of Frauds is an affirmative defense which must be pleaded by the party claiming its benefit. Rule 55.08; *Kansas City Stock Yards Co. v. A. Reich & Sons*, 365 Mo. 682, 250 S.W.2d 692 (1952); *Mills v. Connett*, 229 S.W. 1103 (Mo.App.1921). Having failed to so plead, defendant has waived any claim he may have had to assert such defense. *Martin v. Ray County Coal Co.*, 288 Mo. 241, 232 S.W. 149 (1921).

■ Defendant also complains that the trial court erred by assuming the role of advocate in its direct examination of plaintiff. Defendant cites *Bova v. Bova*, 135 S.W.2d 384 (Mo.App.1940), in support of this contention. The *Bova* case stands for the proposition that a judge is not permitted to adopt a belligerent attitude toward the parties or the attorneys and that some limit does exist with respect to permissible examination of the parties or witnesses by the court. The record reveals that the line of questions propounded by the trial court were inquisitorial in nature, directed to the plaintiff, and sought to clarify the issues of the contract terms and payment. The trial judge is privileged to ask such questions, and here the judicial inquiry was within proper bounds. *State v. Farmer*, 536 S.W.2d 748 (Mo.App.1976); *Vernon v. Rife*, Mo.App., 294 S.W. 747 (1927).

■ Defendant's final contention is that the trial court abused its discretion in failing to grant a new trial when the trial court knew that the defendant's attorney had an out-of-town trial commitment and that defendant was also unavailable on the trial date. That argument is buttressed with the claims that the trial court, "knowing" that defendant had not signed the contract and intended to assert the defense of the Statute of Frauds, abused his discretion in proceeding with the trial. No basis for the supposed "knowledge" of the trial

**736**

court is presented. In any event, the defense was not available. Defendant claims he could have raised that defense since he denied signing. He cites authority predating present Rule 55.08. Under that rule and the present case law, the defense must be pleaded. All that appears here is that defendant and counsel failed to appear, although counsel knew the case was regularly set and the continuance had been denied. *Krieber v. Krieber*, 420 S.W.2d 376 (Mo. App.1967), involved a divorce proceeding where the defendant did answer, but failed to appear at trial. In affirming the trial court's judgment, the *Krieber* court held that:

> "The fact that a party's counsel was engaged in the trial of another case is, standing alone, no reason for setting aside a judgment where the party failed to appear for the trial." 420 S.W.2d at 379

Upon the particular facts and circumstances presented here, defendant has failed to establish that the trial court abused his discretion in failing to grant a new trial on the grounds that counsel failed to appear at trial.

The trial court's judgment is affirmed.

All concur.