**In re MARRIAGE OF Linda Orlan PEW and Ross William Pew**

**Linda Orlan Pew, Petitioner–Respondent,**

**and**

**Ross William Pew, Respondent–Appellant.**

**No. 16052.**

Missouri Court of Appeals, Southern District, Division One.

Nov. 29, 1989.

W. Henry Johnson, Douglas, Douglas & Johnson, Neosho, for petitioner-respondent.

C.R. Rhoades, Rhoades, Paul & Paul, Neosho, for respondent-appellant.

PREWITT, Judge.

This is an appeal from a decree dissolving the parties' marriage. Appellant complains that the trial court erred in awarding maintenance to respondent and in dividing marital property.

The trial court made twelve pages of extensive and apparently carefully considered findings of fact and conclusions of law. The court discussed and made findings regarding the basis on which maintenance was ordered pursuant to § 452.335.1, RSMo Supp.1988 and the amount of maintenance as provided in § 452.335.2, RSMo Supp.1988. The court followed the same procedure on the factors to be considered in dividing property as covered in § 452.330.1, RSMo Supp.1988.

An examination of the record convinces us that no error of law appears and that the judgment is supported by substantial evidence and is not against the weight of the evidence. An opinion would have no precedential value and the judgment is affirmed in compliance with Rule 84.16(b).

Respondent's ability to work was in dispute. Where there is conflicting testimony, deference is given to the trial court's conclusions. *In re Marriage of Reagan*, 589 S.W.2d 118, 120 (Mo.App.1979). A spouse should not have to consume her part of the marital property for living expenses before she would be entitled to maintenance. *In re Marriage of Powers*, 527 S.W.2d 949, 955 (Mo.App.1975).

The trial court has discretion in the division of marital property. A just division does not have to be equal. This is particularly true where one party has engaged in misconduct. *Arp v. Arp*, 572 S.W.2d 232, 235 (Mo.App.1978).

The judgment is affirmed.

CROW, P.J., and GREENE, J., concur.