Verneta **EAGAN**, Plaintiff/Respondent,

v.

Regina Hackett **MUELLER**, Defendant/Cross Appellant/Respondent,

and

Norman **Carter**, Defendant/Appellant.

No. WD 43539.

Missouri Court of Appeals,
Western District.

May 7, 1991.

Michael J. Gallagher, Wassberg & Gallagher, Kansas City, for defendant-appellant.

Robert L. Rodarte, James G. Lindquist, Kansas City, for plaintiff-respondent.

Before TURNAGE, P.J., and LOWENSTEIN and BRECKENRIDGE, JJ.

TURNAGE, Presiding Judge.

Vernetta Eagan, as the managing trustee of a condominium, brought suit against Regina Mueller and Norman Carter for a pro rata share of the cost of making repairs to the common areas of the condominium. The court entered judgment against Carter only for his pro rata share of the expenses. Carter contends the trustee did not follow the procedures set out in the declaration by which the condominium was formed and is therefore not entitled to recover. Reversed.

A declaration agreement was filed in Jackson County in March, 1949, by which a four-unit apartment building was converted to a condominium. Mueller became the owner of one of the units and thereafter sold such unit to Carter by a contract for deed.

The declaration by which the condominium was formed provided for the appointment of a managing trustee. Eagan became the managing trustee and in 1987 and 1988 undertook extensive repairs on the condominium structure. The major project was the expenditure of $21,285 to install vinyl siding over the exterior brick. Several smaller repair projects were also completed. Eagan sought $7,381.05 from Carter and Mueller as their one-fourth share of the expenditures.

The declaration required the trustee to "at least annually, make an estimate of the amount necessary to pay the taxes—general and special—; insurance premiums, . . .; and expenses of operating said apartment building, including water, painting, decorating, restoration repairs and maintenance; the Trustee's fee for management of property; reserves for contingencies; and all other expense necessary or incident to the management and upkeep of the apartment property. . . ." The declaration allowed the trustee to amend the annual estimate at any time. The declaration further provides that the annual estimate shall be collected in twelve monthly installments, with one-fourth of each installment to be considered an assessment against each of the four units in the condominium.

Eagan informed Carter that he owed $7,381.05 for the repairs that she had made and Carter refused to pay. This suit followed.

The court found that the condominium was comprised of four interests and that Mueller had sold her unit to Carter. The court found that the trustee had expended $29,524 and sought to assess one-fourth of that amount against the Mueller–Carter unit. The court found that the declaration required the trustee to make an annual estimate of the amount necessary to pay taxes, insurance, and repairs. The court found that because Carter was the equitable owner of the unit that he was liable for one-fourth of the expenditures.[1]

■ The decisive point on this appeal is the assertion by Carter that the trustee failed to follow the requirement of the dec-

---

1. Mueller filed a cross-claim against Carter for the amount claimed by Eagan and the court entered judgment in favor of Carter. Mueller appeals from that judgment because the judgment against Carter, if affirmed, would constitute a lien on the unit Mueller sold to Carter and would thereby impinge on the interest of Mueller in the unit as the seller under a contract for deed. Under the disposition of this appeal, Mueller's appeal becomes moot.

413

laration to make an annual estimate of the amount required for repairs, and to levy that amount as an assessment over the next twelve months. There is no dispute that the trustee failed to follow the requirement of the declaration and did not make an annual estimate and did not collect the cost of the repairs over a twelve month period.

In *Lion Square Phase II and III v. Hask,* 700 P.2d 932, 934[1,2] (Colo.App. 1985), the court held "[a] condominium association may exercise its powers only within the constraints of its condominium declaration and bylaws." Here, the trustee did not follow the dictates of the declaration which required an annual estimate for the amount necessary to operate the condominium, make repairs and pay all necessary expenses. Rather, the trustee on her own, simply had a number of repairs made and sought reimbursement from the unit owners in a lump sum.

The trustee admittedly did not follow the requirements of the declaration. Because the trustee may exercise its assigned powers only in the manner provided in the declaration, the trustee was not authorized to levy and collect a lump sum assessment to cover the total cost of the repairs. For that reason the trustee is not entitled to judgment in this action.

The judgment is reversed and this cause is remanded with directions to enter judgment in favor of Mueller and Carter on the claim of Eagan. The appeal of Mueller is dismissed. All costs are assessed against Eagan.

All concur.