**In re the Marriage of Kyong Hwa KEMPF and Michael V. Kempf.**

**Kyong Hwa Kempf, Petitioner–Appellant,**

**and**

**Michael V. Kempf, Defendant–Respondent.**

**No. 17429.**

Missouri Court of Appeals,
Southern District,
Division One.

March 10, 1992.

James L. Thomas, Waynesville, for petitioner-appellant.

Michael R. Dunbar, Tyce S. Smith, Sr., Smith, Hutcheson and Dunbar, Waynesville, David Gregory Warren, Warren and Warren, Richland, for defendant-respondent.

PREWITT, Presiding Judge.

Appellant asserts that the trial court erred in entering a decree dissolving the parties' marriage. She contends that the court should have granted a continuance, "the division of the marital property was unconscionable and against the weight of

the evidence" and erred in denying appellant's motion to set aside the judgment.

Review in this nonjury matter is under Rule 73.01(c). As that rule is interpreted, this court is to affirm the trial court's determination, unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *In re Marriage of Lafferty,* 788 S.W.2d 359, 361 (Mo.App.1990). This court sets aside a judgment on the ground that it is against the weight of the evidence only when it has a firm belief that the judgment is wrong. *Looney v. Estate of Eshleman,* 783 S.W.2d 164, 165 (Mo. App.1990). All facts upon which no findings are made are presumed found in accordance with the result reached. Rule 73.01(a)(2).

Granting or denying a continuance is within the sound discretion of the trial court and every intendment is in favor of its ruling. *Inloes v. Inloes,* 567 S.W.2d 732, 734 (Mo.App.1978). See also *Ijames v. Ijames,* 772 S.W.2d 405, 406 (Mo.App.1989). The trial court also has discretion in the division of marital property. *In re Marriage of Pew,* 780 S.W.2d 687 (Mo.App. 1989). Setting aside a judgment is largely in the discretion of the trial judge. *Gibson by Woodall v. Elley,* 778 S.W.2d 851, 853 (Mo.App.1989). The points urged by the appellant present no abuse of discretion.

The matter was tried on January 30, 1991. The record indicates that the attorneys were notified of the setting on December 19, 1990. Before trial commenced, appellant's attorney appeared and made an oral request for a continuance. He said he had sent a letter to appellant dated January 16, 1991. He also said that appellant had called his office earlier in the week to provide him with answers to interrogatories and "we advised her on the phone, further, that it was set."

A witness testified that she had talked to appellant and appellant said "she will try" to be at the trial. Appellant's motion to set aside the judgment stated that she had not received notice of the trial setting until after it had occurred. It was verified by her attorney's secretary, based on statements made to that secretary by appellant.

Appellant's first point asserts that the trial court erred in not granting a continuance. It was never established when the continuance was requested and denied, nor in appellant's motion specifically why she did not attend. As earlier noted, the motion conflicts with statements made by her attorney just preceding the trial. If appellant was in fact in Pennsylvania as she alleges, she had more than adequate time after her attorney was notified of the trial setting, to make arrangements to return to Missouri. The trial court was justified in denying the request.

As respondent's brief correctly asserts, appellant's second point contesting the division of marital property failed to preserve anything for review. It merely states:

"The trial court erred, as a matter of law, in that the division of the marital property was unconscionable and against the weight of the evidence."

A point relied on which does not state "wherein and why" the trial court erred does not comply with Rule 84.04(d) and preserves nothing for appellate review. *Simpson v. Galena R–2 School District,* 809 S.W.2d 457, 458 (Mo.App.1991).

Appellant's third point states that the judgment should be set aside. The argument following the point refers only to appellant's argument under the first point, that the trial court erred in granting a continuance. As there is no other authority or rationale to support that contention, the point is abandoned. *Boswell v. Steel Haulers, Inc.,* 670 S.W.2d 906, 912 (Mo. App.1984); Rule 84.04(d).

The judgment is affirmed.

CROW and PARRISH, JJ., concur.