Edward L. WRIGHT, Appellants,

v.

William Ray PRICE, Bailus M. Tate, Jacqueline L. Paul, Emanuel Cleaver, and John A. Dillingham, In their official capacities as commissioners of the Board of Police Commissioners of Kansas City, and William Martin, Respondents.

No. WD 47336.

Missouri Court of Appeals,
Western District.

Dec. 7, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 1, 1994.

Application to Transfer Denied
March 22, 1994.

Basil L. North, Jr., Kansas City, for appellants.

Dale H. Close, Kansas City, for respondents.

Before KENNEDY, P.J., and ULRICH and SPINDEN, JJ.

SPINDEN, Judge.

Edward L. Wright complains that the trial court wrongfully dismissed his lawsuit after he announced not ready for trial. Wright contends that the trial court abused its discretion in refusing his request for a continuance although the court had set aside a partial summary judgment and reinstated a portion of his lawsuit only five days before trial. We affirm.

In 1986 Wright sued Kansas City Police Officer William Martin and members of the Kansas City Board of Police Commissioners in a tort and civil rights action growing out of Martin's arrest of Wright in 1984. Wright's petition charged the defendants with assault and battery, false imprisonment, false arrest, malicious prosecution, intentional infliction of emotional distress, and violations of 42 USC

§§ 1981 and 1983. He voluntarily dismissed his suit in 1987.[1]

In 1988, Wright refiled his suit. On November 14, 1991, the police commissioners filed a motion for summary judgment on the civil rights counts. After a hearing on February 10, 1992, the trial court granted the summary judgment motion against Wright's § 1983 claim and denied the motion in relation to Wright's § 1981 claim. No counts or claims against Martin were dismissed.

At some point, the trial court scheduled the trial on the remaining claims for December 14, 1992. On December 9, 1992, Wright filed a motion asking the trial court to set aside its summary judgment in favor of the commissioners on Wright's § 1983 claims. He based his request on an order by a federal district court judge on July 6, 1992, in an unrelated federal lawsuit in which the federal judge concluded that Kansas City police commissioners were not immune from liability under § 1983. Wright also asked for a continuance of his trial scheduled to begin five days later. He told the court, "Inasmuch as the Court dismissed the defendant Board of Police Commissioners from this cause, it has not been possible to complete ... discovery." The commissioners and Martin objected to a continuance. On December 11, 1992, the trial court took up the motion. It postponed ruling on Wright's motion to set aside the summary judgment until trial on December 14, but it denied the request for a continuance.

On December 14, 1992, at trial, the trial court announced that it would grant Wright's motion to set aside summary judgment, but it refused to continue the trial because of the case's age.

In its order, the trial court explained:

[T]here was a pretrial Order in this case dealing with the issues of discovery and setting the dates for the filing of motions, exhibits lists and other matters. The Court finds that the request for continuance and the grounds for the request of the continuance are untimely in that those issues were covered by the pretrial Order

---

1. Wright's attorney explained in a request to set aside the dismissal that he dismissed the action because of the terminal illnesses of his mother and wife.

and should have been addressed by the Plaintiff on a more timely basis. The Court finds that the Plaintiff did not comply with the terms of the pretrial Order and specifically notes that the case Plaintiff relies on was handed down in July of 1992, thereby giving the Plaintiff an adequate opportunity to raise these issues on a timely basis with the Court.

Plaintiff announces not ready for trial. The Court therefore dismisses this action with prejudice and at the cost of the Plaintiff. The Court finds that this action is based upon an incident that took place in June of 1984 and that the case was originally filed in 1986 and dismissed and subsequently refiled in 1988. Consequently, the Court has no choice but to enter a dismissal with prejudice.

■ In this appeal, Wright argues that the trial court's decision not to grant a continuance was "based on mistake and was arbitrary, capricious, an abuse of the court's discretion and manifestly unjust." Motions for continuance are within a trial court's sound discretion and are rarely reversible. *Seabaugh v. Milde Farms, Inc.,* 816 S.W.2d 202, 207 (Mo. banc 1991). We will reverse a trial court's denial of a motion for continuance only when we find an abuse of discretion. *Id.* "Only in extreme cases where it clearly appears that the moving party . . . is free of **any dereliction** will this court disturb the trial court's decision." *Chapman v. St. Louis County Bank,* 649 S.W.2d 920, 924 (Mo.App.1983) (emphasis added). We do not discern an abuse of discretion in this case.

Wright based his request for continuance on the federal court order in July 1992 and his need for discovery. Even taking into consideration the problems outlined by Wright's attorney between July and December 1992,[2] we find no basis for concluding that the trial court abused its discretion in refusing the requested continuance. The trial court heard of the federal court order and the attorney's problems for the first time on the eve of trial. Although the summary

judgment had ruled against Wright on his § 1983 claims against the commissioners, the commissioners remained defendants on all other claims, and Martin on all claims. Yet, Wright made no meaningful discovery in preparation for trial.

■ In his next point, Wright asserts that the trial court erred in dismissing his lawsuit because delay alone was an insufficient reason to dismiss. He relies on *Vonder Haar Concrete Company v. Edwards–Parker, Inc.,* 561 S.W.2d 134 (Mo.App.1978), and *Peerless Supply Company v. Industrial Plumbing & Heating Company, Inc.,* 460 S.W.2d 651 (Mo.1970), but these cases are not applicable. They involved mechanics liens, and the courts were construing § 429.-170 which requires prosecution of mechanics "without unnecessary delay." We cannot quarrel with the trial court's conclusion that he should dismiss Wright's lawsuit because of the long periods of inactivity in prosecuting it and the case's age. Trial courts may, within sound discretion, dismiss a lawsuit for failure to prosecute a claim. *Shirrell v. Missouri Edison Company,* 535 S.W.2d 446, 448 (Mo. 1976).

■ Wright next complains that the trial court abused its discretion by not giving due consideration to his attorney's numerous personal problems. Wright tells us of numerous problems suffered by his attorney which thwarted his efforts to prosecute Wright's claims. Between the time he filed Wright's lawsuit and December 14, 1992, the attorney suffered the death of his wife and parents, he was seriously ill with stomach, gall bladder and heart conditions, and his law firm dissolved. He also complains that the defendants refused to cooperate with his discovery requests. The trial court heard about these problems either orally on the day of trial or in motions filed before and after the aborted trial. We do not discern that the trial court abused its discretion in dismissing Wright's lawsuit despite these problems.

We will interfere with a trial court's discretion in judging such facts only when the trial

---

**2.** Wright's attorney explained his lack of action during the six months as resulting from a dissolution of his law firm, his getting married in New Orleans in early July 1992, severe stomach pains necessitating emergency room treatment in August and September 1992, gall bladder surgery in late September 1992, and slow recovery from the surgery through October 1992.

court's ruling "is clearly against the logic of the circumstances ... and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration[.]" *Anderson v. Robertson*, 402 S.W.2d 589, 593 (Mo.App.1966). In *Shirrell*, 535 S.W.2d at 446, the Supreme Court of Missouri applied this standard and found no abuse of discretion in a trial court's denial of a continuance request although the plaintiff's attorney suffered a coronary occlusion, a lung embolus, and went through a divorce while preparing a case in which discovery was difficult and the attorney had trouble obtaining an expert.

As to Wright's allegation of delay by the defendants, the only evidence of this is a letter by Wright's attorney on November 15, 1991, to his opposing attorneys in which he complains of a lack of cooperation in scheduling depositions. Wright's attorney never followed this up with a motion to compel or by seeking other relief. We do not discern from these facts that the trial court abused its discretion.

 Finally, Wright asserts that the trial court erred by dismissing the § 1983 claims on the same day on which he reinstated them. We disagree. Although he knew of the federal court order in July, Wright's attorney waited until five days before trial to call it to the trial court's attention. The commissioners had remained defendants in the case all along, yet Wright did no discovery in preparation for trial. We find no abuse of discretion by the trial court.

We affirm the decision of the trial court.

All concur.