**LAKEPOINT CONDOMINIUM 2 OWN-
ERS ASSOCIATION, INC., and Osage
Properties Management Company,
Plaintiffs–Respondents,**

v.

**Pedro T. DURIAN, Defendant–Appellant.**

No. 19971.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 20, 1995.

Greg S. Kessler, W. Laird Hetlage, Vines, Frankel, Rubin, Bond & Dubin, P.C., Clayton, for defendant-appellant.

Terrance L. Farris, LaTourette, Schlueter & Byrne, P.C., St. Louis, for plaintiffs-respondents.

GARRISON, Judge.

This appeal is from a judgment entered against Appellant (Defendant) for assessments, losses and expenses arising from his ownership of two units in a condominium project located at the Marina Bay Resort in Camden County, Missouri. The suit in question was filed by Lakepoint Condominium 2 Owners Association, Inc. (Owners Ass'n) and Osage Properties Management Company (Management Co.) against Defendant, a resident of Illinois. The Owners Ass'n alleged that Defendant was indebted to it for assessments, interest and attorney fees arising from assessments made pursuant to a "Declaration Of Condominium, Restrictions And By–Laws" (Declaration). The Management Co. alleged that it was entitled to a judgment for losses, expenses, interest and attorney fees pursuant to a "Condominium Unit Agency Agreement" (Agency Agreement) by

which Defendant agreed that his units would be rented as part of the resort where they were located.

Suit was filed in January, 1990. The case was originally set for trial on November 26, 1990, but on that day the trial court made a docket entry continuing the case for settlement and setting it for review in six months. In July, 1992 the case was set for trial on October 26, 1992. On October 23, 1992 the case was struck from the associate circuit trial docket because the relief sought exceeded the jurisdictional limits, and it was certified to circuit court. On December 14, 1993 the case was set for trial on April 1, 1994. On April 1, 1994 the case was continued at the request of Defendant's attorney for medical reasons and was subsequently reset for May 6, 1994. The record does not indicate why the case was not tried on May 6, but on May 13 the case was set for July 8, 1994.

On July 8, Defendant's attorney made an oral motion for continuance[1] based on the unavailability of Defendant who, as a surgeon, was required to be on emergency call at a hospital in Centralia, Illinois and could not be present for trial. The trial court overruled the motion and immediately proceeded to trial with Defendant's attorney announcing that he would not participate. The trial court, after hearing evidence, entered a judgment for the Owners Ass'n for delinquent assessments in the amount of $34,370.44, late charges of $11,472 and attorney fees of $7,000. It also entered judgment for the Management Co. for $16,805.28, consisting of $10,125.21 for operating losses, late charges of $3,680.07 and attorney fees of $3,000. This appeal followed.

■ Before reviewing the points raised by Defendant on this appeal, it is necessary that we first discuss a Motion to Dismiss the Appeal filed by the Owners Ass'n and the Management Co. The motion, which was taken with the case for ruling at this time, alleged that Defendant had not timely ordered the transcript or requested an extension of time to do so, and that, in order to

---

1. Neither plaintiff objected to the fact that the motion was not in writing and accompanied by

an affidavit as provided in Rule 65.03.

avoid filing an appeal bond, Defendant had filed an affidavit with the trial court stating that he had no intention of selling the two condominium units which were the subject of the instant suit. Contrary to the affidavit, it was alleged that Defendant had, in fact, conveyed both units in December, 1992.

In his response to the motion, Defendant filed a copy of a Quit Claim deed dated January 11, 1995 by which he and his wife reacquired ownership of the two condominium units. Defendant also stated that he had earlier filed an untimely notice of appeal and had ordered the record on appeal at that time. After he was granted leave to file a notice of appeal out of time by this court, he did not reorder the transcript but relied on his original request. The record before us indicates that the legal file was filed in a timely manner and that the transcript was tendered within the time required. Because the transcript was not signed by the court reporter, however, it was returned and was filed four days later with leave of this court. Under these circumstances the motion to dismiss is denied.

■ The standard for review of this court-tried case is pursuant to Rule 73.01(c),[2] as construed in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The judgment of the trial court is to be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.* at 32.

In his first point, Defendant contends that the trial court erred in entering the judgment in favor of the Owners Ass'n because there was no proof that the assessments were calculated in accordance with the Declaration and §§ 448.010–.210. In particular, his point alleges a failure to prove that the assessments were prorated among the condominium owners; that the condominium association approved an annual budget or estimate of assessments; that the condominium association approved the assessments; that any meetings were held by the condominium

association; or that a quorum was present at any such meetings.

In support of this contention, Defendant refers to § 448.3–115 which provides that after an initial assessment, all subsequent assessments shall be made at least annually and shall be based on a budget adopted at least annually by the association. It also provides that all common expenses shall be assessed in accordance with the allocations set forth in the declaration pursuant to subsection 1 of § 448.2–107. Section 8.1 of the Declaration incorporates these same requirements.

Defendant cites *Eagan v. Mueller*, 809 S.W.2d 411, 413 (Mo.App.W.D.1991), for the proposition that a condominium association must comply with the terms of the declarations in making assessments. In *Eagan*, however, there was no dispute about the fact that there had been a failure to follow the requirements of the declarations in making assessments. *Id.*

■ In determining the sufficiency of the evidence, we accept as true the evidence and inferences favorable to the trial court's judgment, disregarding all contrary evidence. *Braeshire Condo. Bd. v. Brinkmeyer*, 841 S.W.2d 217, 219 (Mo.App.E.D.1992). Where, as here, no findings of fact have been issued, all controverted facts are treated as having been found in accordance with the result reached. *Id.*

■ In the instant case the Owners Ass'n presented evidence that the Declaration provides the methods of calculating the assessments and that those methods had been followed in making the assessments against Defendant. In addition, documentation was introduced supporting the assessments against Defendant. Under these circumstances, we are unable to conclude, as argued by Defendant, that the Owners Ass'n failed to prove compliance with the Declaration or the provisions of §§ 448.010–.210 relied on. Defendant's first point is denied.

In his second point, Defendant contends that the trial court erred in entering the

---

**2.** All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1994.

judgment in favor of the Management Co. on Count II of the Second Amended Petition because the Agency Agreement upon which it was based had expired. He points to the fact that the agreement introduced in evidence provided that it would automatically terminate on December 31, 1990 but the judgment entered in favor of the Management Co. included charges for expenses and losses incurred after that date.

Where, as here, an express contract is relied on, a plaintiff must abide by its terms and cannot recover if he fails to bring himself within its provisions. *Hoffman v. Mastin*, 119 S.W.2d 1027, 1030 (Mo.App. 1938). In the instant case, the contract relied on by the Management Co. provided that it was to automatically terminate prior to some of the charges for which the trial court entered judgment. Notwithstanding the fact that we are empowered by Rule 84.14 to give such judgment as the court ought to give, the record does not permit us to determine how much of the judgment on Count II represents claims arising in accordance with the Agency Agreement. We, therefore, reverse the judgment in favor of the Management Co. on Count II of the Second Amended Petition and remand that portion of the case for further proceedings.

Defendant's third point relied on also relates to the judgment entered in favor of the Management Co. on Count II. In that point, Defendant contends that the Management Co. did not prove compliance with procedures required under the Agency Agreement. We need not review this point, however, because we have reversed and remanded the judgment entered on Count II and the matters complained of in this point are not likely to recur on retrial.

In his final point, Defendant contends that the trial court abused its discretion in not granting his motion for a continuance of the trial because he is a medical doctor residing in Illinois, he did not receive notice of the trial date through no fault of his own, and his presence at trial as a witness was required to adequately present the evidence.

Defendant argues that he was out of the country much of the month of June, 1994, did not return to his home until July 5, and did not receive notice of the July 8 trial setting until on or about July 7. He further points out that he was unable to attend the trial because he was required to be on call at a hospital in Illinois the week of July 5 through 11, 1994.

The docket sheet in the instant case contains an entry dated May 13, 1994 which states: "Copy of letter rescheduling trial for July 8, 1994, Division 2 filed." There is no indication in the record about when Defendant left the country or why he did not receive notice of the setting before doing so.

The granting or denial of a continuance is a matter within the sound discretion of the trial court. *In re Marriage of Kempf*, 825 S.W.2d 667, 668 (Mo.App.S.D.1992); *Inloes v. Inloes*, 567 S.W.2d 732, 734–35 (Mo. App.W.D.1978). In *Inloes*, both parties moved for a continuance three days prior to the scheduled trial date on the basis that the attorneys had not made arrangements to have their clients present for trial. After the motion was denied, the case proceeded to trial without the defendant's presence. In appealing the judgment entered against him, the defendant contended that his unavoidable absence from the trial constituted grounds for a continuance and that the trial court abused its discretion in denying that relief. *Id.* at 734. The appellate court disagreed, saying:

> The grant or denial of a continuance rests within the sound discretion of the trial court and every intendment is in favor of the court's ruling. [Citation omitted.] Whether in a given case there is sufficient reason to grant a continuance is to be determined by the trial court. A trial court has the right to control its docket, and the unavoidable absence of a party or his attorney due to an engagement elsewhere, illness, or weather conditions does not compel a continuance.

*Id.* at 734–35.

An appellate court will reverse a trial court's denial of a motion for continuance only when an abuse of discretion is found. *Wright v. Price*, 871 S.W.2d 12, 14 (Mo.App. W.D.1993). The trial court's decision con-

cerning a continuance will be disturbed only in extreme cases where it clearly appears that the moving party is free of any dereliction. *Id.* The trial court acted within its discretion in the instant case in denying the continuance. Defendant's final point is denied.

The judgment on Count II of the Second Amended Petition in favor of the Management Co. is reversed and that portion of the case is remanded for further proceedings. In all other respects, the judgment is affirmed.

FLANIGAN, J., and MONTGOMERY, P.J., concur.