Darrell SMITH and Kirby Minor, Appellants,

v.

INDEPENDENCE TAX INCREMENT FINANCE COMMISSION and City of Independence, Respondents.

No. WD 51251.

Missouri Court of Appeals, Western District.

April 9, 1996.

Joseph Borich, Leawood, KS, for appellants.

Steven Mauer, Kansas City, for respondents.

Before SPINDEN, P.J., and BERREY and LAURA DENVIR STITH, JJ.

SPINDEN, Presiding Judge.

Independence residents, Darrell Smith and Kirby Minor, are unhappy with the city's allowing Homart Development Company to receive preferential tax treatment under a tax increment financing (TIF) plan [1] for development of a shopping center. The circuit court granted the city's and the TIF Commission's motion for summary judgment. We affirm.

The disputed site was a vacant, 56–acre lot on the north side of 39th Street across from the Independence Center Mall. More than $200,000 in taxes assessed against the tract

remained unpaid. Homart was willing to build a shopping center on the land if it could get preferential tax treatment. In 1994, Homart, with city officials' assistance, began preparing a proposed TIF plan for the tract.

Homart's proposed redevelopment plan said the site suffered: (1) defective or inadequate street layout; (2) debris dumping, including abandoned equipment, a tractor trailer body and a dilapidated mobile home; (3) improper or obsolete subdivision platting; (4) obsolete land uses; (5) inadequate water service; and (6) "conditions which retard the provision of adequate housing, constitute an economic or social liability or a menace to public health, safety, morals or welfare." It also contended that putting a shopping center on the tract would increase area employment, would enhance the city's tax base, and would discourage commerce, industry or manufacturing from moving to another state. It suggested that the site could be designated as being in either a blighted area or an economic development area.

These designations were significant because, for the tract to qualify for a TIF plan, § 99.810(1) [2] required that it be declared to be in a "blighted area" or an "economic development area." [3] Section 99.805(1) defines a "blighted area:"

[A]n area which, by reason of the predominance of defective or inadequate street layout, insanitary or unsafe conditions, deterioration of site improvements, improper subdivision or obsolete platting, or the existence of conditions which endanger life or property by fire and other causes, or any combination of such factors, retards the provision of housing accommodations or constitutes an economic or social liability or a menace to the public health, safety, morals, or welfare in its present condition and use[.]

Section 99.805(3) defines an "economic development area:"

1. Tax increment financing is an economic development tool which allows taxes to be reallocated for property development.

2. All references to statutes are to the 1994 Missouri Revised Statutes.

3. Section 99.810 also provides for a third designation, conservation area, but that designation is not at issue in this case.

[A]ny area or portion of an area located within the territorial limits of a municipality, which does not meet the requirements of [a blighted or conservation area], and in which the governing body of the municipality finds that redevelopment is in the public interest because it will:

(a) Discourage commerce, industry or manufacturing from moving their operations to another state; or

(b) Result in increased employment in the municipality; or

(c) Result in preservation or enhancement of the tax base of the municipality[.]

Before the TIF commission reviewed Homart's proposal, it sent notices that it would consider the plan at a public hearing on August 31, 1994. Many individuals attended the hearing and spoke for and against the project. After the hearing, the commission found that the project area was "a blighted area and/or an economic development area" and recommended that Independence's city council adopt the plan. The city council adopted the plan on November 21, 1994, by enacting Ordinance No. 12890, after concluding that the project site was in a blighted area.

Smith and Minor filed their petition for declaratory judgment on November 4, 1994, in which they asked the circuit court to declare that the TIF plan was illegal and unconstitutional. The city and TIF commission answered the petition on December 5, 1994, and filed a motion for summary judgment on March 17, 1995. The circuit court granted the city's and the commission's motion for summary judgment on June 2, 1995. Smith and Minor appeal.

■ Smith and Minor contend that the circuit court's ruling was wrong because the project area could not qualify as a blighted area *and* an economic development area. They argue that the proposed redevelopment plan and the TIF commission had to determine that the site was either in a blighted area or an economic development area—not both. Their point is void of merit. The TIF plan adopted by the city council *did* choose one designation: blighted area. That the

proposed redevelopment plan and the commission suggested to the city council that it could use either designation is inconsequential.

Smith and Minor err in viewing Homart's proposal and the TIF commission's recommendation as being *the* TIF plan. They were merely proposals and recommendations to the city council. Independence did not adopt a TIF plan until the city council adopted one by ordinance on November 21, 1994.

■ Section 99.820.3 makes clear that only the city council has the authority to make a designation. The statute says, "The commission . . . may exercise the powers enumerated in this act except final approval of plans, projects and *designation* of redevelopment areas."[4] The TIF commission's role is to make recommendations. Nothing in Chapter 99 prohibits it from recommending a plan that suggests to the city council that it can choose one designation or the other. Significantly, the proposed plan stated that "if a finding of blight is made, the economic development area finding may not also be used." The city council was obligated to choose one or the other.

■ In addition to complaining about the designation, Smith and Kirby also argue in their point relied on, "The trial court erred in finding that . . . the plan otherwise complies with the Missouri tax increment financing law." This violated Rule 84.04(d) which says, "The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous[.]" We do not know how the plan fails to comply with Chapter 99. "A point relied on which does not state 'wherein and why' the trial court erred does not comply with Rule 84.04(d) and preserves nothing for appellate review." *In re Marriage of Kempf,* 825 S.W.2d 667, 668 (Mo.App.1992). Moreover, grouping multiple contentions not related to a single issue violates Rule 84.04.

---

**4.** We added the emphasis.

We, therefore, affirm the judgment of the circuit court.

All concur.