**Jewel OTHMAN, Plaintiff/Respondent,**

v.

**WAL–MART STORES, INC., Defendant/Appellant.**

**No. ED 80597.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 3, 2002.

Stefan Glynias, Dean Stark, St. Louis, for appellant.

Brian Harvell, Clayton, for respondent.

## WILLIAM H. CRANDALL, JR., P.J.

Defendant, Wal–Mart, Inc., appeals from the judgment of the trial court, entered pursuant to a jury verdict, in favor of plaintiff ad litem, Jewell Othman, in an action for personal injuries sustained by her husband, John Othman, in a fall on Wal–Mart's premises. We affirm.

Viewed in the light most favorable to the verdict, the evidence established that Jewell and John Othman went to a Wal–Mart store on January 1, 1997. At that time, John was 89 years of age and Jewell was 86. They followed some people through a set of outside doors that were strapped open. As they attempted to enter the interior doors into the store, the doors, which were automatic, began to close. At that point, John stopped, started to turn, fell against the railing, and landed on the ground. He broke his femur and required surgery to insert a metal rod and pins into his leg. He was in the hospital until January 10, 1997. After that date, he went to a nursing home until his death in March 1997.

Wife brought the present action against Wal–Mart as plaintiff ad litem for the personal injuries to John and as an individual plaintiff for loss of consortium. The jury returned a verdict in favor of John in the amount of $250,000.00, but found that John was 50 percent at fault; and against Jewell on her loss of consortium claim. The trial court entered judgment against Wal–Mart and in favor of the plaintiff ad litem in the amount of $125,000.00. Wal–Mart appeals.

Wal–Mart's first point is that the "trial court erred in failing to grant [Wal–Mart] a new trial due to the prejudicial error committed ... when Jewell Othman testi-fied, contrary to a stipulation of the parties and order of the Court entered in this matter, concerning the death of her husband, said failure which resulted in a verdict which was clearly excessive and based upon facts that were not to be considered but produced passion and prejudice in the jury." The point on appeal relates to the following testimony by Jewell regarding John's death:

[Plaintiff's Counsel]: Did you stay at the hospital next to Mr. Othman through January 10, 1997?

[Jewell]: I stayed there until March 3rd, the day he died. Except that they let him out, or took him to the nursing home called the Manor, and I don't recall how many days we were there. And I spent night and day with him there. Then he had to return to the hospital.

At this point, Wal–Mart requested a mistrial, which the trial court denied. The court, however, did strike the answer as non-responsive and instructed the jury to disregard it.

Here, Wal–Mart's point relied on states that the trial court erred in failing to grant a new trial. It does not allege that the court committed error in the admission of the evidence, because there was none. The error, if any, was in the trial court's refusing to grant a mistrial when Jewell made the non-responsive statement.

■ Rule 84.04 requires that where an appellant files a brief with the appellate court, each point relied on must: (1) identify the trial court ruling or action that the appellant challenges; (2) state concisely the legal reasons for the appellant's claim of reversible error; and (3) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. Rule 84.04(d)(1). A point relied on which "does not state

'wherein and why' the trial court erred does not comply with Rule 84.04(d) and preserves nothing for appellate review." *Smith v. Independence Tax Increment Finance Comm'n.,* 919 S.W.2d 292, 294 (Mo. App. W.D.1996); *In re Marriage of Kempf,* 825 S.W.2d 667, 668 (Mo.App. S.D. 1992). The requirement that "the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts. It is rooted in sound policy." *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978). The function of this rule is to give notice to the opposing party of the precise matters that must be contended with and to inform the court of the issues presented for review. *Nichols v. Mama Stuffeati's,* 965 S.W.2d 171, 177 n. 1 (Mo.App. W.D.1997). Here, Wal–Mart's point relied on was defective because it did not comply with Rule 84.04 and thus did not preserve any claim of error for our review.

 Even addressing the claim of error as if it related to the trial court's failure to declare a mistrial, we find no error. The decision to grant a mistrial lies within the sound discretion of the trial court and an appellate court will not disturb the trial court's decision absent abuse of discretion. *Howe v. ALD Services, Inc.,* 941 S.W.2d 645, 653 (Mo.App. E.D.1997). Here, there was no prejudice to Wal–Mart. The jury already knew about John's death because plaintiff's counsel mentioned it during voir dire. Further, Jewell's statement that John died was simply non-responsive. The court took corrective action by striking her statement and admonishing the jury to disregard it. Wal–Mart's first point is denied.

In its second point, Wal–Mart charges error in the trial court's refusal to grant remittitur for the reason that in light of the ten-day limit on damages stipulated to by the parties, the judgment was excessive and was the result of passion and prejudice of the jury.

 In general, the determination of damages is primarily for the jury. *Fust v. Francois,* 913 S.W.2d 38, 49 (Mo.App. E.D. 1995). Remittitur is appropriate "if, after reviewing the evidence in support of the jury's verdict, the court finds that the jury's verdict is excessive because the amount of the verdict exceeds fair and reasonable compensation for plaintiff's injuries and damages. . . ." Section 537.068 RSMo 2000. The trial court has great discretion in approving a verdict or in setting it aside as excessive. *Fust,* 913 S.W.2d at 49. No precise formula exists for determining whether a verdict is excessive, and each case must be considered on its own facts. *Seabaugh v. Milde Farms, Inc.,* 816 S.W.2d 202, 211 (Mo. banc 1991). Ultimately, the test is what amount fairly and reasonably compensates the plaintiffs for the injuries sustained. *Id.*

 In determining whether an award is excessive, we look to a number of factors: (1) loss of income, both present and future; (2) medical expenses; (3) plaintiff's age; (4) the nature and extent of plaintiff's injuries; (5) economic considerations; (6) awards given and approved in comparable cases; and (7) the superior opportunity for the jury and the trial court to evaluate plaintiff's injuries and other damages. *Lay v. P & G Health Care, Inc.,* 37 S.W.3d 310, 333 (Mo.App. W.D.2000). "Missouri appellate courts no longer engage in close scrutiny of the amounts awarded by juries for personal injuries since the trial court is in a much better position than we are to assess the verdict." *Id.*

 We first note that the stipulation between the parties did not limit damages to only a ten-day period. The stipulation

only limited special damages relating to the medical expenses incurred during the ten days in January in which John was hospitalized after the fall. The stipulation did not limit damages for pain and suffering, which presumably extended beyond the ten-day period of hospitalization until the time of John's death.

Furthermore, we cannot say that the damages awarded in this action were excessive. Prior to the fall at Wal–Mart, John was a relatively healthy 89 year old man who lived an independent and active lifestyle. After the fall, he was unable to resume his previous lifestyle. He underwent invasive surgery to his broken leg and experienced pain and suffering associated with his injuries. His medical bills during his ten-day hospital stay amounted to almost $34,000.00. After his hospital stay, he was unable to return to his home, going to a nursing home instead. Even if Wal–Mart were accurate in its assertion that all damages were limited to the ten-day period of hospitalization, we cannot say the amount awarded was excessive. The jury awarded damages in the amount of $250,000.00; and based on the jury's finding that John was 50 percent at fault, the court entered judgment in the amount of $125,000.00. The trial court did not err in refusing to grant remittitur. Wal–Mart's second point is denied.

The judgment of the trial court is affirmed.

SHERRI B. SULLIVAN, J., and GLENN A. NORTON, J., concur.